Marshall, Ch. J.,
after stating the case, delivered the opinion of the court. — There being a general verdict for the plaintiff, it is. necessary, in order to justify a judgment for the defendant, that the statement of facts, upon which he relies, should contain all the circumstances, necessary *to support such a judgment ; otherwise, the judgment p-pg must be rendered upon the verdict for the plaintiff. L
The five years mentioned in the 56th section of the act of assembly,, must have elapsed, before the death of the testator. If they did not, no-lapse of time, after his death, can bring the case within the purview of this act. In the present case, the five years had elapsed. But there is a saving-clause, in the following words, “ saving to all persons non compos mentis,, femes covert, infants, imprisoned, or out of this commonwealth, who may be plaintiffs in such suits, three years after their several disabilities removed.”’ It is one of the facts stated, that the plaintiff was within the commonwealth, of Virginia, in the year 1786, after the cause of action accrued : and hence, it is argued, that he is not within the saving clause of the section, and that,, to exclude him from the benefit of that clause, it is not necessary, that he-should have become a resident of that state.
The court has not been able to find any case in which this question has-been decided. We are, therefore, obliged to form an opinion from a consideration of the act itself. The words of the act are, “ out of this commonwealth,” and such persons may bring their actions within three years-after their “ disability ” removed. The court is of opinion, that the disability is removed, at the moment when the person comes into the commonwealth ; and he must bring his action within three years from that-time.
*108 Bat something further than this was necessary, to authorize a judgment for the defendant. It ought to have appeared, that Roberdeau was a resident of the state of Virginia, at the time the plaintiff came into that .state in 1786 ; and that fact is not in the case stated. The judgment, therefore, ought to have been for the plaintiff, and not for the defendant. Judgment reversed, with costs, and judgment entered for the plaintiff on the verdict.