7 U.S. 174
 3 Cranch 174
 2 L.Ed. 402
 FAW
v.
ROBERDEAU'S EXECUTOR.
 February Term, 1805
 
 THIS was an action in the circuit court of the district of Columbina, for the county of Alexandria; and the question arose upon the construction of the act of assembly of Virginia, for 'reducing into one, the several acts concerning wills,' &c. Revised Code, p. 169, c. 92, § 56, which is in these words, viz. 'If any suit shall be brought against any executor, or administrator, for the recovery of a debt due upon an open account, it shall be the duty of the court, before whom such suit shall be brought, to cause to be expunged from such account, every item thereof, which shall appear to have been due five years before the death of the testator, or intestate. Saving to all persons non compos mentis, femes covert, infants imprisoned, or out of this commonwealth, who may be plaintiffs in such suits three years after their several disabilities removed.'
 The declaration was for plank, scantling, and foundation-stone, lent by the plaintiff to the defendant. For the like materials, sold and delivered, and for money had and received. The defendant pleaded the general issue, and a verdict was taken for the plaintiff, subject to the opinion of the court, upon the following facts:
 'That the debt found by the verdict was due by the defendant's testator, to the plaintiff, in the year 1786. That the testator died in 1794. The plaintiff was a resident of, and in the state of Maryland, and out of the commonwealth of Virginia, when the articles were delivered for which the suit was brought, and when the debt was contracted; and continued so in Maryland, and out of the said commonwealth, until the month of June, 1795, when he removed to Alexandria to live, and hath lived there ever since. That in the year 1786, after the cause of action accrued, the plaintiff passed through the town of Alexandria, and was for a short time therein, but not as a resident thereof.'
 Upon this statement of facts, the judgment of the court below was for the defendant; and the plaintiff brought the present writ of error.
 E. J. Lee, for plaintiff in error. The plaintiff was not a citizen of Virginia, when the debt was contracted. It does not appear that he did not commence his action within the limited time, after his becoming a citizen.
 WASHINGTON, J. Does it not appear that Faw was in Virgima after the cause of action accrued?
 
 
 1
 E. J. Lee. Only as a traveller. It does not appear that the testator lived in Virginia at that time. The plaintiff had three years to bring his action, after removal into Virginia. The writ is no part of the record, unless made so by a bill of exceptions, and it is not stated when the action was brought.
 
 
 2
 Swann, contract. The act of limitation begins to run from the time the plaintiff passed through Alexandria, after the cause of action had accrued. His disability (according to the expression of the act of assembly) was then removed, and he ought to have brought his action within three years from that time.
 
 
 3
 The plaintiff came to reside in Alexandria, in 1795. The suit was tried in 1802; hence the presumption is, that it was commenced at that time, and the plaintiff can only show the contrary by producing his writ. The state of the case negatives the idea of a loan. The claim, therefore, was upon the open account, and the court had a right to expunge all the articles charged five years before the death of the testator.
 
 
 4
 MARSHALL, Ch. J. That act has nothing to do with the lapse of time, after the death of the testator. The five years, are before his death. The three years, are also three years during the life of the testator, and the plaintiff must, therefore, have been in the state three years, during the life of Roberdeau, to make the limitation attach to his claim.
 
 
 5
 The court will hear you that point, if you think this opinion not correct.
 
 
 6
 Swann said, that no objection occurred to him at present.
 
 
 7
 MARSHALL, Ch. J. The court is satisfied with that opinion, unless you can gainsay it.
 
 
 8
 WASHINGTON, J. There is another point. Did not the plaintiff's coming into the state in 1786, after the cause of action accrued, cause the limitation to attach?
 
 
 9
 Swann. The words of the act are, 'saving to persons out of this commonwealth,' not persons residing out of this commonwealth. Being 'out of the commonwealth,' is the disability; coming into the commonwealth, therefore, is a removal of that disability. If the saving had been to persons residing out, &c. then, possibly, a mere coming in, without residing, would not have been a removal of the disability. 3 Wilson, 145, Strithorst v. Graeme. [177]
 
 
 10
 E. J. Lee. Under the British Stat. of 1 James, c. 16, § 3, the plaintiff must have been a resident in England; and he then has six years after his return. Here the plaintiff was not a resident of Virginia at any time during the life of the testator. 4 T. R. 516, Perry v. Jackson.
 
 
 11
 MARSHALL, Ch. J. Beyond sea, and out of the state, are analogous expressions, and are to have the same construction.
 
 
 12
 The whole case turns upon the question, whether the plaintiff's being in the state, in 1786, after the cause of action had accrued, takes him out of the saving clause.*
 
 
 13
 E. J. Lee. The casual coming into the state, is not within the meaning of the act. It means the coming in to reside. The 'act for the limitation of actions,' &c. Revised Code, p. 116, § 13, speaks of persons residing beyond seas, or out of the country. If, in such case, the plaintiff has a factor in this country, the statute runs against him; but if no factor, then it does not.
 
 
 14
 Suppose the plaintiffs should be foreign partners, and one of them should be driven by stress of weather into a remote part of the state, he may be ignorant of the place of residence of his debtor. Shall the plaintiffs, in such case, be barred by the act of limitation?
 
 
 15
 The case in 2 W. Bl. 723, turned upon the question of residence. I can find no positive authority. I believe the point has never been expressly decided.
 
 March 2.
 
 16
 MARSHALL, Ch. J. after stating the case, delivered the opinion of the court.
 
 
 17
 There being a general verdict for the plaintiff, it is necessary, in order to justify a judgment for the defendant, that the statement of facts, upon which he relies, should contain all the circumstances necessary to support such a judgment; otherwise the judgment must be rendered upon the verdict for the plaintiff.
 
 
 18
 The five years mentioned in the 56th section of the act of assembly, must have elapsed before the death of the testator. If they did not, no lapse of time after his death can bring the case within the purview of this act. In the present case, the five years had elapsed. But there is a saving clause, in the following words: 'Saving to all persons non compos mentis, femes covert, infants, imprisoned, or out of this commonwealth, who may be plaintiffs in such suits, three years after their several disabilities removed.'
 
 
 19
 It is one of the facts stated, that the plaintiff was within the commonwealth of Virginia, in the year 1786, after the cause of action accrued: the hence it is argued, that he is not within the saving clause of the section, and that, to exclude him from the benefit of that clause, it is not necessary that he should have become a resident of that state.
 
 
 20
 The court has not been able to find any case in which this question has been decided. We are, therefore, obliged to form an opinion from a consideration of the act itself.
 
 
 21
 The words of the act are, 'out of this commonwealth,' and such persons may bring their actions within three years after their 'disability' removed.
 
 
 22
 The court is of opinion, that the disability is removed at the moment when the person comes into the commonwealth; and he must bring his action within three years from that time.
 
 
 23
 But something further than this was necessary to authorise a judgment for the defendant. It ought to have appeared, that Roberdeau was a resident of the state of Virginia at the time the plaintiff came into that state in 1786; and that fact is not in the case stated. The judgment, therefore, ought to have been for the plaintiff, and not for the defendant.
 
 
 24
 Judgment reversed, with costs, and judgment entered for the plaintiff on the verdict.
 
 
 
 *
 See the case of Duroure v. Janes, 4 T. R. 300, which seems decisive as to that point.