*446 OPINION of the Court, bv
Judge Owsley.—
This is an appeal from a judgment of the Montgomery circuit court rendered in an ejectment brought by the appellant against the appellees in that court.
On the trial of the general issue it was proven the appellees settled on the land in contest under an adverse claim, and have continued to reside thereon for more than twenty years before the commencement of the ejectment in that court; it was also proven that at the time the appellees obtained possession of the land, Smith, the lessor of the plaintiff in ejectment, was a resident of Virginia, and there continued his permanent residence until 1803, when he removed to this state ; but that he had previously in the year 1794 come to this country on business, and continued here the best part of mat season and then returned to the state of Virginia.
*447 ’Whether, therefore, under these circumstances S mith’s yight of entry is barred by the statute of limitations, is the principal question in this case. We are ot opinion
By the second section of the tact of 1796, concerning the limitations of actions, it is enacted that no person ■who then hath or have, or may thereafter have any right or title of entrv into any lands, &f. shall make any en» try but within twenty years next after such right or title accrued, and such person shall be barred from any entry afterwards. Were the present case to be decided by an application of this section, there could be no possible doubt but Smith’s right of entry is barred : for his right of entry has not only accrued, but the appellees have also been possessed of the land for more than twenty years before the commencement of this action in the court below. But to this section there is a proviso, in which among other things it is provided that if any person entitled to such right or title of entry into lands, shall be not within this commonwealth at the time such right or title accrued, such person, his heirs, &<■. shall and may, notwithstanding the twenty years are or shall Re expired, bring and maintain h?s action or make his entry within tera years next after such disability removed, and not afterwards.
According to this proviso, as Smith was a resident of Virginia when his right of entry accrued, although the appellees may have been twenty years possessed of the land, he had a right to bring his action at any time within ten years after the removal of his disability’» But as Smith’s disability consisted in being without this commonwealth, that disability was removed by his coming to this country in 1794, and consequently he cannot protect himself against the running of the statute under the proviso in question, when ten years has elapsed since the removal of his disability. Nor can the circumstance of Smith’s return to Virginia after coming to this country in 1794, better his case : for as his disability was removed by his coming to this country, the time given by the proviso for him to enter or bring his action commenced running, and by no subsequent act of his could he prevent its continuing to run. As, therefore, the appellees have been possessed of the land for more than twenty years before the commencement of *448 the cjceiment, and ten years from Smith’s coming to this state had also elapsed previous thereto, the court below properly decided Smith’s right of entry was barred.
We are also of opinion the court properly overruled the appellant’s motion for a new trial. That motion was founded on the alleged misconduct of the jury before •they returned their verdict. It is true some of the jury withdrew from the jury room, ate and drank at their own expense, but it is pretty evident the jury had agreed on their verdict before they withdrew from their room ; and there is nothing in the cause from which the idea can be indulged of the misconduct of the jury being produced by the appellees, or of its having any possible influence on their verdict. Nor is there any thing in the cause from which we can infer the justice of the ease was not attained by the verdict of the jury.
Judgment affirmed.