Per Curiam.

By a return within the government must be meant such a return as would give a party reasonable opportunity to commence an action.[1] In White v. Bailey it is said, that a person must return with a design to dwell within the jurisdiction of the Commonwealth ; but that was not the point before the Court. Here the defendant remained eight or ten days in Salem for a temporary purpose. This might be sufficient in respect to a creditor living in that town, but not so in regard to a creditor living in New York. It is not necessary, however, to decide this question, because we are satisfied on another ground that the action cannot be maintained.[2]
The plaintiff says, that it would have been of no use to attach the real estate, because it was already under attachment to its full value ; and that if he had attached it and obtained judgment, the attachment would have been void, and the judgment erroneous. But we are of opinion, that the prior attachment did not affect the plaintiff’s right to attach the same property, it being altogether uncertain whether the first suit would be prosecuted to judgment. This property gave an opportunity to the plaintiff to keep his demand alive, as well as if there had been no prior attachment.
It is not necessary to determine the question about the shares in the insurance companies ; we think, however, that they also might have been attached by the ordinary process ; the law points out a different mode of service only. The legislature probably meant to distinguish between the ordinary process and the trustee process. A creditor might not choose to rely on the oath of a trustee ; but he has the means of ascertaining whether his debtor owns shares in banks and insurance companies, (St. 1804, c. 83, § 4,) and such shares are liable to at *273 tachment, within the letter and the meaning of the statute of limitations.
According to the agreement of the parties, the plaintiff must be nonsuit.[1]

 The word “ return” in the statutes means coming into the State; and foreigners who have never been in the United States, or the State in which they sue, are within the exception in the statutes. Duplein v. De Rover, 2 Vern. 540; Strithorst v. Graeme, 3 Wils. 145; Hall v. Little, 14 Mass. R. 203; Chomqua v. Mason, 1 Gallison, 342; Ruggles v. Keeler, 3 Johns R 263. See also Jones v. Henry, 3 Littell, 48; Wilson v. Appleton, 17 Mass. R 180; Pancoast v. Addison, 1 Har. & J. 350; Doe v. Harrow, 3 Bibb, 446; Fau v. Roberdeau, 3 Cranch, 174; Thurston v. Fisher, 9 Serg. & R. 293.

 See Mazozon v Foot, 1 Aikens’s R 282; Gregory v. Hurrill, 8 Moore, 189 S. C. 1 Bingh 324.

 See Little v. Blunt, 9 Pick. 488.