Judge Wright
delivered the opinion of the court:
It is conceded by the parties in this case, that the statute of limitations of January, 1804, 1 Chase’s Ohio L. 392, was in force when this action accrued. That act limits the bringing debt upon “ specialty under hand and seal,” to fifteen years after such cause of action; but it provides that if any person entitled to such action ^sh'.ill be “ beyond sea” at the time such action accrues, he [126 shall have a right to bring his action within the time limited by the act, after such disability shall be removed.
*130 The only question presented on this demurrer is, do the words, “beyond sea,” in legal acceptation, describe persons without the jurisdiction of the state, though no sea intervene? The Supreme-Court, many years ago on the circuit, and frequently since that time, decided that persons without the jurisdiction of the state, were “beyond sea,” within the meaning of this act. The terms, “ beyond sea,” are borrowed from the act, 21 James I, which, in England, have been adjudged to have a meaning synonymous, with beyond or out of the realm. Like expressions have been held by the Supreme Court of the United States to be equivalent to without the limits of the state. 3 Cranch, 174; 3 Wheat. 545; 8 Wheat. 366. Similar decisions have been made in other states. 1 Har. & McH. 89; 1 Har. & Johns. 350; 2 McCord, 331; 3 Mass. 271; 1 Pick. 263. With these constructions we are satisfied. The plaintiff, then, being within the exception of the statute, and the disability continuing until he removed into this state in 1823, less than nine years of the statute had run when the suit was brought,, and the replication avoids the plea.
Leave was asked and obtained to amend the plea, on paying all the costs since they were filed.