Hitchcock, J.,
delivered the opinion of the court:
The question submitted is, whether the plaintiff’s replication is-a sufficient answer to the defendant’s special plea in bar. By the-replication, the fact relied upon to avoid the statute of limitations is, that neither the plaintiff nor her intestate were ever within* *529 •this state prior to the commencement of this suit, and it is insisted that she is within the exception of that statute. According to the decision of the court at the present term, in the case of Hazlet et al. v. Critchfield, the limitation act of 1810 must govern this case. By that act there is an exception in favor of those persons who are ■“within the age of'twenty-one years, insane, femes covert, imprisoned, or beyond sea," at the time the cause of action accrues, and they are allowed to sue at any time within the respective period specified after the disability is remov'ed. Chase’s Stat. 655.
It has been repeatedly decided by the Supreme Court of the United States, that the expressions “beyond sea,” “out of the Estate," are analogous. 3 Cranch, 174; 7 Cranch, 525; 3 Wheat. 541; 11 Wheat. 361. In conformity with these authorities, we have uniformly so held upon the circuit, when called upon ■to give a construction to our acts of limitation.
The plaintiff, by her replication, shows herself within the exception or saving clause of the statute, and is entitled to judgment ■on the demurrer.