SARAH GORDON *vs.* THE GRAND STREET AND NEWTOWN
RAIL ROAD COMPANY.

The fact that no one, without some previous knowledge, can be expected to
provide against the contingency of a car, with the railway upon which it
stands, coming upon him by a side movement; imposes upcn a rail road
company greater care and circumspection in moving their cars from one
track to another in that unusual manner, than is ordinarily imposed upon
such companies.

That fact, also, in the absence of all proof of knowledge by a person injured
of the structure for shifting cars from one track to another by a side move-
ment, and the danger resulting to passengers therefrom, will exonerate
him from the charge of having contributed to the accident by his own
carelessness.

Neither an entry into the cars, upon a rail road, nor the payment of the fare,
is essential to create the relation of carrier and passenger. Being within
the waiting-room, waiting to take the cars, is as effectual to make one a
passenger as if he were within the body of a car.

APPEAL by the defendant from a judgment entered at
the circuit, after a trial before a jury. The action was
brought to recover damages for an injury sustained by the
plaintiff, from the alleged carelessness of the defendant or its
servants and agents, at the passenger depot in Brooklyn.

*C. J. Jack,* for the plaintiff.

*J. W. Gilbert,* for the defendant.

*By the Court,* BROWN, J. The defendant is one of the
city rail road corporations engaged in the business of carrying
passengers from various points within the city of Brooklyn,
to other parts of the city and to Newtown, in the county of
Kings. It has a depot or room for receiving passengers,
where they enter the cars of the defendant, in First street, near
South Seventh street. The road is operated by means of
two tracks, the same cars arriving at the depot upon one
track and departing from thence upon the other. The wait-
ing-room for the passengers, and from which they enter the
cars, is close to the track which is the means of departure

Gordon *v.* Grand Street and Newtown Rail Road Co.

from the depot, there being between the car when it is upon the outward bound track and the waiting-room a narrow platform two feet wide. The cars arriving with passengers are removed from the incoming to the outgoing track by means of a movable section of the track, placed upon what the witnesses call a slide, level with the floor of the depot, which is moved, with the car upon it, from one track to the other by means of this movable slide. When the movable section, with the car upon it, is placed upon the outgoing track it approaches within a few inches of the narrow platform adjoining the waiting-room. Over this platform, which is about a foot above the level of the track and floor of the depot, the passengers pass from the waiting-room to the outgoing car. On the 3d of November, 1862, the plaintiff, about 7 o'clock in the evening, entered the waiting-room with a friend, to take the cars. A car came into the depot, the horses were removed, and she, thinking it was ready to receive passengers, stepped out of the waiting-room onto the narrow platform and from thence upon the floor of the depot, for the purpose of entering the car. After she stepped out of the waiting-room she saw the car commence to move towards her sideways. She stepped back to get out of the way, but before she could get back, her foot was caught between the moving body of the platform and seriously injured. She fainted, and when she came to her senses, she found herself in the waiting-room, to which she had been removed. There was no lamp or light inside of the waiting-room at this time, but there was a light in the office adjoining, which shed its rays into the waiting-room. No one gave her any warning as to what she was to do when she went in, nor where to go. She had no knowledge of the manner of shifting the car, nor was there any notice to the passengers directing them how to proceed, or giving information of the shifting of the car put up at the depot or waiting-room. This is substantially the testimony of the plaintiff herself, and was not materially changed by the evidence taken on the other side. Garrett B. Lane the defendant's

conductor, who was examined by the company, testified that there was light enough to see all around the depot, from a light in the receiver's office. At the time he commenced to slide the car from one track to the other quite a number of persons were standing about in the depot, and he told them to stand back and get out of the way, and those who were on the floor of the depot got upon the platform. Supposing all the passengers had got upon the platform, himself and the driver pushed the car, got it upon the slide, and then started the movable section with the car upon it, and after it had moved the distance of two or three feet he heard the plaintiff scream. He did not notice the plaintiff at all, and saw no one on the table or slide at the time he started it. Joseph Lyon, another witness for the defendant, testified that he was switch tender at the time, and heard the conductor tell the ladies to step back into the waiting-room, and saw the plaintiff there. After he told them to stand back he pulled the bolt. The other passengers stepped back. She stepped back at first, and when the car began to move the plaintiff stepped down again and immediately she screamed. This is all the evidence important to the main issue.

This accident, it will be observed, did not occur in the usual and ordinary passage of the cars over the defendant's road. The track of the road is visible to all persons exercising ordinary care, and so is the approach of a car moving upon it. And when a person places himself upon the track while the cars are passing and repassing upon it, such an act would be strong if not positive evidence of carelessness. The injury to the plaintiff was not the result of the usual passage of the cars over the track of the road. It occurred while the car was being moved from the one track to the other. This movement was effected by the voluntary action of the conductor and the driver, and the moving body was entirely within their control. If passengers were upon the floor of the depot they could suspend the movement until they removed themselves out of the way. The conductor saw this at the time,

for he gave express directions to the persons on the floor of the depot to stand back and get out of the way. The mistake he made was in moving the slide with the car upon it before his directions were complied with; for if the persons present failed to comply with his directions, from not hearing them or not comprehending what he meant, it was gross carelessness in him to put the slide and the car in motion. Few people, I apprehend, would have had the sagacity to anticipate the movement which ensued. Cars do not usually move sidewise. Not one person in a hundred would have foreseen what the conductor intended to do, unless they had notice of and understood it beforehand. It was a process that would not have been intelligible to many persons without previous explanation. A person standing upon a railway in the vicinity of a car or locomotive might readily enough think the car or locomotive would probably move backward or forward and put them in jeopardy. But no one, without some previous knowledge, would be expected to provide against the contingency of a car, with the railway upon which it stood, coming upon him by a side movement, like that described by the witnesses. This consideration, it seems to me, imposed upon the defendant greater care and circumspection in moving its car from one track to another, than is usually imposed upon a railway company, while at the same time, and in the absence of all proof of knowledge of the structure for shifting the cars and the danger resulting to passengers therefrom by the plaintiff, it is a complete answer to the defendant's argument that the plaintiff's own carelessness contributed to the accident. She went to the defendant's depot to take passage, as she says, in the cars. She saw a car arrive and stop within a few feet of the room in which she was waiting, and without, as she says, any knowledge that the car was to be moved across the track. She proceeded to enter it. Here she was struck and injured by the act of the conductor in moving the car. If what she says is true, (and the jury were to judge of that,) there was no want of care on her part. Negligence

and carelessness cannot be predicated upon such an act. Care in avoiding danger implies that there is or would be with all prudent persons a sense or something to create a sense of danger; for if the circumstances are not such as would put a prudent and cautious person upon his guard, the omission to exercise more than ordinary attention is not the negligence which contributes to an accident. The real point in the case is that presented by the conflicting evidence of the plaintiff, and the boy Joseph Lyon. He says, when the conductor told the persons on the floor of the depot to step back, she, with the other persons, did step back, at first, but, "after the car began to move she stepped down again, and right away she screamed." If this was true, then undoubtedly she was negligent, and should not be allowed to recover. The jury, however, did not concur in this view. They gave credit to her evidence rather than that of the boy Lyon, and that was their province, not ours.

The counsel for the defendant insists that the relation of carrier and passenger did not exist between the parties at the time of the accident. This point, I think, cannot be maintained. Neither the entry into the cars nor the payment of the fare is essential to create that relation. Being within the waiting-room, waiting to take the cars, was as effectual to make her a passenger as if she had been within the body of one of them. The waiting-room is made for the purpose of receiving and accommodating the passengers, until the car arrives. Nor can the time of taking the fare be material to create the relation. It is sometimes taken at the office. This is usually the practice upon the great railways of the country; but on the city roads it is almost universally taken after the passenger has entered the car, and while it is in motion over the route.

Seeing no error in the charge of the judge, upon the exceptions taken thereto, I think the judgment should be affirmed.

[KINGS GENERAL TERM, December 14, 1863. *Brown, Scrugham* and *Lott* Justices.]