MARY KENNAYDE, Defendant in Error, *v.* PACIFIC RAILROAD COMPANY, Plaintiff in Error.

1. *Damages — Railroad companies — Negligence a question of fact for the jury.* — In a suit by the legal representatives of A. against a railroad company for damages caused by his death, the question whether the facts constituted such negligence as to render the company responsible was exclusively for the jury to determine.

2. *Practice, civil — Pleadings — Statute, how pleaded — Objections must be made in court below.* — It is only necessary for a party wishing to avail himself of a statute to state facts which bring his case within its provisions (Wagn. Stat. 1020, § 41), although according to the rules of good pleading he ought to refer to it. But all the circumstances essential to support the action must be alleged or in substance appear on the face of the petition. If the matter were defectively stated therein, objection should be raised in the court below, otherwise it can not be entertained.

3. *Railroads — Damages — Negligence of deceased must be the proximate cause of his death.* — It is incumbent upon railroad companies to exercise care and diligence; and unless the acts of a person killed by cars, were the direct and proximate cause of the disaster, the company will not be excused from liability.

4. *Railroad companies must sound bell in passing through cities.* — Under the statute (Wagn. Stat, p. 310, § 38), it is the imperative duty of railroad companies to sound the bell, and not merely the whistle of the locomotive, in passing through cities.

5. *Railroads — Damages — Negligence — What care in the company may be presumed.* — The citizen who, on a public highway, approaches a railroad track, and can neither see nor hear any indication of a moving train, is not chargeable with negligence for assuming that there is no car sufficiently near to make the crossing dangerous. He had a right to presume that in handling their cars the railroad companies will act with appropriate care, and that the usual signals of approach will be seasonably given, and that the managers of the trains will be attentive and vigilant.

*Error to First District Court.*

*Ewing,* and *Smith,* for plaintiff in error.

I. If an action is based upon a statute, public or private, there must be reference thereto in the petition. (Gen. Stat. 1865, p. 661, § 41; 1 Chit. Plead., 372; 2 Chit. Plead. 504–512; Walther v. Warner, 26 Mo. 147; Bayard v. Smith, 17 Wend. 88; Utica v. Richardson, 6 Hill, 300; People v. Barton, 6 Cow. 290; Morris v. People, 3 Denio, 81; Chipman v. Emeric, 5 Cal. 239; 10 Mass. 39; 11 Mass. 273; 7 Mass. 9; 1 Wis. 282.)

II. The omissions that are made in the petition are fatal after verdict. (1 Chit. Plead. 373 ; 2 East, 333 ; 1 Maule & Sel. 500 ; Hann. & St. Jo. R.R. Co. v. Mahoney, 42 Mo. 467.)

III. The testimony disclosed that the deceased's own negligence contributed to his death, and hence there could be no recovery. (Redf. on Railways, 337, § 3 ; *id*. 332 §, 7 ; Brand v. Troy & Sch. Rail., 8 Barb. 368; Morrissey v. Wiggins Ferry Co., 43 Mo. 380 ; Liddy v. St. Louis R.R. Co., 40 Mo. 506.)

*H. B. Johnson*, for defendant in error.

I. The omission of defendant's employees to ring the bell, as required by the statute, or sound the whistle as the rules of the company required, was gross negligence. (Beisiegel v. N. Y. Central R.R. Co., 34 N. Y. 622; Ernst v. Hudson River R.R. Co., 35 N. Y. 9 ; Renick v. N. Y. Central R.R. Co., 36 N. Y. 132 ; Philadelphia & Trenton R.R. Co. v. Hagan *et al.*, 47 Penn. St. 244 ; Triplett v. Chicago, Burlington & Quincy R.R. Co., 38 Ill. 482 ; Brown v. N. Y. Central R.R. Co., 32 N. Y. 597 ; McGrath v. Hudson River R.R. Co., 32 Barb. 147 ; Newson v. N. Y. Central R.R. Co., 29 N. Y. 383 ; Ernst v. Hudson River R.R. Co., 39 N. Y. 61 ; O'Mara v. Hudson River R.R. Co., 38 N. Y. 445 ; Toledo, Peoria & Warsaw R.R. Co. v. Foster, 43 Ill. 415.)

II. When the negligence of defendant is clearly shown, and an accident has actually occurred, it is reasonable, *prima facie*, to refer it to the conduct of defendant's servants without requiring further proof. (Johnson v. Hudson River R.R. Co., 20 N. Y. 65 ; Milwaukee & Chicago R.R. Co. v. Hunter, 11 Wis. 160 ; Philadelphia & Trenton R.R. Co. v. Hagan, 47 Penn. St. 244 ; Augusta & Savannah R.R. Co. v. McElmurry, 24 Geo. 79 ; 2 Redfield on Railways, 200 ; Penn. R.R. Co. v. McTighe, 46 Penn. St. 316.)

III. Had deceased been slightly negligent, such negligence contributing only remotely to his destruction, and the gross negligence of defendant's employees being the immediate cause of it, plaintiff would still be entitled to recover. (Meyer v. Pacific R.R., 40 Mo. 156; Liddy v. St. Louis R.R. Co., 40 Mo. 506 :

Huelsenkamp v. Citizens Railway Co., 37 Mo. 537 ; Kennedy v. North Mo. R.R., 36 Mo. 351 ; Meyer v. People's Railway Co., 43 Mo. 523 ; Morrissey v. Wiggins Ferry Co., 43 Mo. 380.) The instructions given upon the part of the plaintiff were unobjectionable, and have been sanctioned by the courts of this State. (Schultz v. Pacific R.R. 36 Mo. 14–32 ; Gen. Stat. 1865, chap. 63, § 38.) The third instruction is proper. The law makes it the duty of the employees of a railroad to ring the bell. Negligence, even when gross, is but an omission of duty. It was important for the jury to know the duties of the parties, in order to judge of their negligence. (The Tonewanda R.R. Co. v. Munger, 5 Denio, 267 ; The N. Y. & New Haven R.R. Co., 1 Duer, 583 ; Cayzer v. Taylor, 10 Gray, 274.)

IV. The statute (Wagn. Stat. 310, § 38) is in the alternative, and it is the duty of the railroad to have and ring the bell as above stated, or to have a steam whistle. The instruction on this point misdirects the jury in this particular, and is cause of reversal. (30 Mo. 201 ; 38 Mo. 213.)

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted by the plaintiff, the widow of Michael Kennayde, deceased, to recover damages for the killing of her husband, which was alleged to have been caused by the negligence, unskillfulness, and criminal intent of the officers, agents, servants, and employees of the defendant, whilst conducting, managing and running its locomotive and train of cars. The answer was simply a general denial. Trial by jury and verdict for plaintiff for five thousand dollars, the statutory penalty.

The facts are brief, and in substance these : That the employees of the defendant, between seven and eight o'clock of a very dark night in December, 1867, were backing a portion of a train near the depot, in the city of Kansas, where the railroad track runs along in the street, and at or very near where another street crosses the same. There were no lights in the rear of the train, no soundings of the whistle, as the rules of the company required, nor was the bell rung as the statute prescribes. There was no flagman at the crossing, nor any person to give notice of the

approach of the cars.　There were two tracks close together, and the train was backing on the switch, and struck some loose cars standing on the switch and drove them suddenly over Kennayde and killed him.　Kennayde had been employed at work up in the city and his residence was on the other side of the track, and when last seen before the happening of the accident he was entirely sober.

Whether the facts constituted such negligence as to render the company responsible, was a matter exclusively for the jury to determine, and if the court did not mislead them by giving erroneous instructions the judgment must be affirmed.

But before proceeding to notice the instructions, we will examine a question which has been raised as to the sufficiency of the petition.　It is contended that the petition is defective as a common-law pleading, and that it is not good under the statute.　It is not necessary to notice the first objection, as it is admitted that at common law the action would not lie.　It is beyond doubt that the pleader intended to found the action on the second section of the statute in reference to damages.　He uses the exact words employed in the statute, giving a cause of action, sues in the name of the wife, and asks for the penalty given, in case of death, by that section.

The practice act declares that it shall not be necessary, in any pleading, to set forth any statute, public or private, or any special matter thereof; but it shall be sufficient for the party to allege therein that the act was done by the authority of such statute, or contrary to the provisions thereof, naming the subject-matter of such statute, or referring thereto, in some general terms, with convenient certainty.　(2 Wagn. Stat., 1020, § 41.)

Although this petition does not charge that the act was committed contrary to the form of the statute, yet it does set out the facts which constituted it a statutory cause of action, and appears to have been framed expressly upon the statute.　It is only necessary for the party seeking to avail himself of it to state facts which bring his case within the provisions of the statute, though according to the rules of good pleading he ought to refer to it. All the circumstances essential to support the action must be

alleged, or in substance appear on the face of the declaration. (1 Saund. 135, n 3 ; 5 East, 244 ; Saund. Pl. and Ev.; 830 ; 17 Wend. 88.)

In this case the facts and circumstances appear on the face of the petition. But if the matter was defectively stated in the petition the defendant should have made the point in the court below, and the objection now being raised for the first time can not be allowed.

At the instance of the plaintiff the court gave the jury three instructions. The first declared that if they believed from the evidence that Michael Kennayde was the husband of the plaintiff and that his death was occasioned by the negligence of any agent, officer, servant, or employee of defendant, whilst running, conducting and managing any locomotive, car, or train of cars, in Jackson county, then the jury should find for the plaintiff, and return a verdict for the sum of $5,000, providing the suit was brought within six months from the time of his. death.

The second instruction stated that the jury should determine from all the evidence, whether any agent, officer, servant, or employee of defendant, whilst running, conducting and managing any locomotive, car, or train of cars, failed to exercise the diligence, care and foresight of a prudent man, and the absence or want of such diligence, care and foresight would constitute such negligence as would render the defendant liable.

The third and last instruction, and the one most complained of, is as follows : "It is the duty of all railroads to have a bell on each locomotive engine, and to ring them at a distance of at least eighty rods from the place where the railroad shall cross any traveled or public road or street, and be kept ringing until it shall have crossed such road or street."

For the defendant the court gave two instructions. The first told the jury that unless they believed from the evidence that Michael Kennayde was killed by reason of the negligence or unskillfulness of the defendant, its agents, officers, servants, or employees, they should find for the defendant.

The second directed the jury, that if from the circumstances developed by the evidence they should find that the death of

Michael Kennayde was occasioned in any manner by his own negligence, or that he contributed thereto by his own negligence, or that at the time of his death he failed to use proper care and precaution to protect himself from danger by reason of the passing of defendant's train, they should find for the defendant.

The defendant also asked a third instruction, that, unless the jury should find from the evidence that Kennayde was killed without any fault or negligence on his part, they should find for the defendant, which instruction was refused.

It is needless to comment with any particularity on the two first instructions given at the instance of the plaintiff, as they embody mainly the requirements of the statute, and are in substance the same as those given in the case of Schultz v. Pacific Railroad (36 Mo. 13), and which received the approbation of this court.

The first instruction given for the defendant made it obligatory on the jury to find as an affirmative fact that the killing took place by reason of the negligence or unskillfulness of the defendant, its agents, servants, or employees, before they could find for the plaintiff. This cast the whole *onus* or burden of proof on the plaintiff.

The second instruction was on the subject of contributory negligence, and asserted that if the deceased at the time of his death failed to use proper care and precaution to protect himself from danger, then the plaintiff could not recover. This instruction went further than the previous adjudications of this court warranted, and was as favorable as could have been given for the defendant. The third instruction refused was but a reiteration of the principle announced in the second, and was further objectionable in telling the jury that it was necessary to a recovery that the deceased should have been killed without any fault or negligence on his part. This ignored entirely the great leading and paramount rule that it was incumbent on the company to exercise care and diligence, and that unless the acts of the deceased were the direct and proximate cause of the disaster, the defendant would not be excused.

Upon the whole, the instructions, as noted above and given at

the request of each party, presented the law fairly, and were certainly sufficiently favorable to the defendant.

The third instruction given for the plaintiff tells the jury that it was the duty of all railroads to have a bell on each locomotive engine, and to ring the same at a distance of at least eighty rods from the place where the railroad should cross any traveled or public road or street, and be kept ringing until it shall have crossed such road or street. The statute provides that " a bell shall be placed on each locomotive engine and be rung at a distance of at least eighty rods from the place where the railroad shall cross any public traveled road or street, and be kept ringing until it shall have crossed such road or street; or a steam whistle shall be attached to each locomotive engine, and be sounded at least eighty rods from the place where the railroad shall cross any such road or street, except in cities," etc. (Wagn. Stat., p. 310, § 38.)

It is insisted here, in argument, that the obligation cast upon the company by the statute is in the alternative either to ring the bell or sound the whistle, and that the court was guilty of misdirection in declaring that it was its duty to have the bell rung, without mentioning the sounding of the whistle. But it is evident from the plain reading of the statute that no error was committed. It is made the imperative duty of the road to either ring the bell or sound the whistle, as it sees fit to use either one or the other, in all cases, except in cities — there the bell can be used only.

The proof is clear and decisive that the whistle was not sounded, as the rules of the company prescribe, and the bell was not rung, as the statute requires. There was no light at the rear end of the car, and there was no one at the crossing to give the accustomed signals, warning footmen and travelers of the approaching danger. When the deceased passed on the crossing (on his way home, as may be reasonably supposed) he heard no signals, he saw no lights; everything was quiet, and he had a right to presume that he could pursue his course without danger.

The citizen who, on a public highway, approaches a railway track, and can neither see nor hear any indication of a moving

train, is not chargeable with negligence for assuming that there is no car sufficiently near to make the crossing dangerous. (Ernst v. Hudson River R.R. Co., 35 N.Y. 9.) He has a right to assume that in handling their cars, the railroad companies will act with appropriate care; that the usual signals of approach will be seasonably given, and that the managers of the train will be attentive and vigilant. In Newson v. New York Central R.R. Co., 29 N.Y. 390, Johnson, J., in delivering the opinion of the court, states the rule thus: "The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and duties of both." In the case of Gordon v. Grand St. R.R. Co., 40 Barb. 550, the court says: "A defendant can not impute a want of vigilance to one injured by his act — as negligence — if that very want of vigilance were the consequence of an omission of duty on the part of the defendant."

In the case at bar, the defendant not only misled the deceased, by omitting all the usual and customary precautions to notify persons of the pending danger, but it acted in open and flagrant violation of the statute made for the protection of the public. The consequence of the omission was to put the victim off his guard, to disarm his vigilance, and lull him into a false sense of security. When the laws are broken and defied, and homicides are recklessly committed, it is no part of the business of courts to hunt up excuses or seize upon technicalities for the purpose of shielding the wrong-doers.

The unfortunate Kennayde had the same right to pursue his course that the defendant had to run the train on its track. The rights of the people of Kansas City to travel on and use their own streets and thoroughfares, are not inferior or subordinate to those of the railroad company. They each have a right to exercise their privileges in a lawful manner, and each are equally bound to use caution, care, and diligence to avoid accidents. The whole case was well submitted to the jury. They found Kennayde blameless, and the company negligent.

Let the judgment be affirmed. The other judges concur.