FRED ESLER, Appellant, v. THE WABASH RAIL-
ROAD COMPANY, Respondent.

**Kansas City Court of Appeals, November 7, 1904.**

1. **RAILROADS: Public Crossing: Traveller's Rights: Care.** A
traveller has the same right to pursue his course over a pub-
lic highway that the railroad has over its tracks, and at a pub-
lic crossing both are bound to exercise care and caution to
avoid collision.

2. ———: ———: **Stop, Look and Listen.** The traveller need not
stop at a public crossing if he can look and listen as well with-
out it, and when evidence warrants it the jury should be so in-
structed, and in such case it is error to absolutely require a
traveller to stop.

3. **TRIAL AND APPELLATE PRACTICE: Newly-Discovered Evi-
dence.** The trial court is in much better condition to pass upon
affidavits relating to newly-discovered evidence than the appel-
late court, and they are elements of discretion in the action of
the lower court.

Appeal from Chariton Circuit Court.—*Hon. Jno. P.
Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Aubrey R. Hammett* for appellant.

(1) The giving of plaintiff's instruction numbered
2 was not error. The instruction properly declared the
law of the case. The rights of the travelling public
upon the crossing are not subordinate to the railway
company. They are each equally bound to use caution,
care and diligence to avoid injury. Kennayde v. Rail-
road, 45 Mo. 262; Zimmerman v. Railroad, 71 Mo. 477;
Baker v. Kansas City, 147 Mo. 140. (2) Plaintiff's in-
struction numbered 4, assigned as error, properly de-
clared the law. If plaintiff, at the last point from which
he could see in the direction from which the train ap-

proached, ascertained that no train was in sight or hearing, then proceeded slowly over soft roads, making no noise, all the while looking and listening as best he could, he is not chargeable with negligence as a matter of law, because he did not come to a dead standstill. It is a question for the jury under all the circumstances of the case. Bushnell on Personal Injuries, secs. 161-163; Railroad v. Barker, 77 Fed. Rep. 810; Russell v. Railroad, 70 Mo. App. 88, is a case on all fours with this one. Frank v. Transit Co., 99 Mo. App. 334. (3) If the plaintiff would have been in no better position to see or hear the approaching train by stopping, certainly he would not have been required to stop. The law does not require the performance of a useless act. Baker v. Railroad, 147 Mo. 142; Petty v. Railroad, 88 Mo. 306; Kelly v. Railroad, 88 Mo. 534; Stepp v. Railroad, 85 Mo. 235; Huckshall v. Railroad, 90 Mo. 557; Johnson v. Railroad, 77 Mo. 546; Tober v. Railroad, 46 Mo. 353. (4) Defendant's instruction numbered 3 as modified and given by the court was substantially as requested by the defendant—even more favorable than requested—was asked and given upon the same theory of the case as was plaintiff's instruction and was the counter instruction of plaintiff's instruction numbered 4 and properly declared the law of the case; for this reason the respondent can not complain. Phelps v. Salisbury, 161 Mo. 1; Russell v. Railroad, 70 Mo. App. 88; Tethrow v. Railroad, 98 Mo. 74; Tomlinson v. Ellison, 104 Mo. 105-112.

*Geo. S. Grover* for respondent.

(1) Every presumption exists in favor of an order granting a motion for new trial; and an appellate court should always sustain a correct result, though it may have been brought about by an erroneous process of reasoning, even for other grounds than those upon which the trial judge based the order. Bradley v. Rup-

pells, 133 Mo. 560; Ittner v. Hughes, 153 Mo. 658; Thisla v. Railroad, 140 Mo. 335; Hoepper v. Hotel Co., 142 Mo. 390. (2) Upon any theory, under the pleadings and the evidence in this case, the plaintiff was not entitled to recover. Drake v. Railroad, 51 Mo. App. 562; Hook v. Railroad, 162 Mo. 569; Petty v. Railroad, 179 Mo. 666; Welsch v. Railroad, 72 Mo. 451; Henze v. Railroad, 71 Mo. 638; Ries v. Railroad, 179 Mo. 1; Zimmerman v. Railroad, 71 Mo. 489; Van Bach v. Railroad, 171 Mo. 338.

ELLISON, J.—Plaintiff brought this action for personal injuries which he alleges he received by a collision with one of defendant's engines which was at the time going at a high rate of speed. Plaintiff obtained a favorable verdict which, on defendant's motion, was set aside and a new trial granted for error in instructions. Plaintiff appealed.

There was evidence tending to show that plaintiff and his brother were seated in a two-horse farm wagon driving along a public road near Huntsville approaching a crossing of defendant's railroad track. It was in the evening but not yet dark. The road was soft from recent rain and the wagon was not making any noise. As he approached, his view down the track was obstructed first by some sheds and also by a freight train standing on a side track. Plaintiff looked at points where he could see and did not discover the approaching train. He listened continuously and did not hear it. He did stop as that would not have aided his hearing, since the wagon was noiseless. As he came out from behind the freight train the defendant's engine pulling one of its fast trains at great speed was nearly upon him. He jumped up in the wagon and began to whip and urge his horses across the tracks. The horses and fore part of the wagon got over but the engine struck the rear of the wagon throwing plaintiff a great distance and injuring him.

The record shows that the "motion for new trial is sustained on the ground that the court erred in giving instructions for plaintiff numbered 2 and 4 and in giving defendant's instruction numbered 4, and is otherwise overruled."

Plaintiff's instruction numbered 2 was that plaintiff had the same right to pursue his course along the highway and over the crossing that defendant had to run its cars over its track, and that in the exercise of such rights both were bound to use caution and care to avoid collisions, and that if the jury believed that plaintiff was injured in consequence of being struck by defendant's locomotive without any fault of plaintiff contributing to such injury; and that defendant's servants in charge of the engine failed to ring the bell or sound the whistle in the manner set out and described in other instructions, and that such injury to plaintiff resulted from defendant's failure to so ring the bell or sound the whistle in the manner described in other instructions the verdict would be for plaintiff.

Plaintiff's instruction numbered 4 was that if the jury believed that the road upon which plaintiff approached the crossing was soft and that the wagon was moving slowly and not making any noise, then it was not necessary for plaintiff to have come to a stop before attempting to cross said track unless by so doing he could have better listened or looked for the approaching train.

We are of the opinion that no error was committed in giving those instructions. It is properly said in number 2 that plaintiff had the same right to pursue his course over the public highway that defendant had over its track, but that both were bound to the exercise of caution and care to avoid collisions. That statement is supported by authority. [Kennayde v. Railroad, 45 Mo. 262; Zimmerman v. Railroad, 71 Mo. 477.] That view was expressed for the Supreme Court by TICHENOR, special judge, in Baker v. Railroad, 147 Mo. 140.

It is then stated that if plaintiff was injured by reason of defendant's negligence in failing to ring the bell or sound the whistle and without any fault or negligence on his part he could recover. Other instructions in the case fully explained to the jury what would constitute such fault or negligence by plaintiff and we do not find any just cause of objection to the instruction.

Instruction numbered 4 stated the law properly. That one should, ordinarily, stop as well as look and listen when about to cross a railway track, is very true. But it is not, in all cases, an arbitrary and absolute requirement that he should do so. If his vehicle is noiseless and stopping would be no aid to his hearing why should he stop? He must look and listen but if, as in this case, the slowly moving vehicle does not interfere with these functions there is no necessity to stop. [Baker v. Railroad, 147 Mo. 140; Petty v. Railroad, 88 Mo. 306; Kelly v. Railroad, 88 Mo. 534; Stepp v. Railroad, 85 Mo. 235; Johnson v. Railroad, 77 Mo. 546.]

These observations are based on the evidence in behalf of plaintiff, as they should be, since the instructions in his behalf are founded on such evidence.

The court's modification by striking out a portion of defendant's instruction numbered 3 was proper. The record, which we quoted above, gives as a part of the court's reason for granting the new trial the giving of defendant's instruction numbered 4. That instruction was erroneous. It made it the absolute duty of plaintiff to stop, and that if he did not the verdict to be for defendant. Defendant should not have asked it and, of course, can not complain of its being given.

It is contended by defendant that notwithstanding what we have written, yet there are other reasons in the motion for new trial which were sound, and though not stated by the court, yet that it can rely upon them to sustain the court's action. These relate chiefly to

the point made as to newly discovered evidence. Affidavits were submitted pro and con on the new evidence and the court overruled that part of the motion. The trial court was much better qualified and equipped to make proper disposition of that question than is this court. There are elements of discretion in such question that present themselves which, of course, are absent from a mere question of law arising on instructions and hence we find nothing to justify us in interfering with the action taken. [Schmitt v. Railroad, 160 Mo. 43.]

We will reverse the judgment and remand the cause with directions to enter judgment on the verdict. All concur.