The plaintiff! below brought an action against the defendant to recover damages by reason of the wrongful act of the traction company in negligently causing an injury to her under the following circumstances:
Desiring to take passage on the Harrison avenue line, near Westwood, the present defendant in error approached a car at a street crossing, the car having been signalled to stop, and while about to take passage on the car at a place where it was accustomed !to stop, was struck by a trolley pole that fell from the car of the defendant company.
The testimony shows that the injury complained of, happened to her as set forth in the plaintiff’s petition while she was waiting at a place designated to receive passengers. The plaintiff’s contention was that she was injured while “in a sphere of peril” incident entirely to her position, waiting 'art the crossing of the *538 streets, solely for the purpose of taking passage on the defendant’s ear. Her claim was that, for all purposes of relief, she was a passenger. The. defense rested upon matters which were in mitigation and the testimony was directed toward arriving at a minimum sum of damages, and did not attempt to escape liability, but was content to have the entire case submitted on the question: “Was the plaintiff a passenger?”
The traction company, therefore, complains of the following charge to the jury on the ground that it holds the traction company to a higher degree of care than they are chargeable with, the defendant in error nol being in law a passenger at the time of the accident.
The charge excepted to was as follows:
“If the jury finds from the testimony that the plaintiff had gone to the corner of Franklin avenue aind Harrison avenue, and that thereupon the car of defendant came to said point and stopped for the purpose of taking the plaintiff aboard as a passenger, and that it was at a point near a corner where the cars of the defendant were in the habit of stopping to take on passengers, and that plaintiff was standing in the street adjacent to 'and by the car track along which the car came, going to the city, and that plaintiff intended to get on the car and was about to do so, and the ear stopped at the point where she was standing to enable her to do so; and if the jury find that just as the plaintiff was about to step on the car she was struck by the broken or falling trolley, then I charge you, that for the purposes of this case, plaintiff was a passenger on the car, and if the plaintiff was then and there struck and injured by the trolley breaking and falling upon her from said car, that a presumption arises in the absence of other proof that the traction company was guilty of negligence.”
This charge raises all of the questions of law that are excepted to by counsel for plaintiff in error, except the one wherein the verdict is complained of as being excessive.
Contention was had that the plaintiff was not a passenger within the meaning of the law; that such relation exists only by contract with a common carrier, and begins when one has entered the car and pays Ms fare, when the contract of carriage is complete, the common carrier agreeing thereby to' transport *539 the passenger in safety to his place of destination, and allow him a reasonable time to alight.
Under the testimony it would have been admitted that the plaintiff in error could not have escaped liability had the injury occurred to a person thus a passenger, but the facts in the case show that the plaintiff had not actually entered the car, but was “about to step upon the car” when the injury 'occurred.
Does one in such position become a passenger entitled to that high degree of care that is incumbent upon a common carrier charged with the duty of exercising the highest degree of care toward those who become passengers?
In a well considered case in 40 Barb., 546 (Gordon v. Railway), it was early decided that neither an entry into the cars upon a railroad, nor the payment of fare, was essential to create the relation of carrier and passenger. To the same effect is the case of Hazelton v. Railway in 71 N. H., 589, a ease bearing a striking analogy to the case at bar. The court held that one who intended to become a passenger walking alongside the car and stepping off the walk or platform and sustaining injuiy thereby, was to be considered as entitled to the same degree of care as though fare had been paid and she had thereby become a passenger.
It has been held that “physical contact with the car was not necessary to constitute the’plaintiff a passenger and entitle him to the ea-re due that relation.” 86 Me., 261.
And the court attempting to define the duty of a common carrier in Hazelton v. Railway, supra, said physical contact with the car was not necessary to constitute the plaintiff a passenger and entitle him to the care due that relation, citing Rogers v. Steamboat Co., 86 Me., 261; Allender v. Railroad Co., 25 L. R. A., 491; Smith v. Railroad Co., 37 Ia., 264; Elliott on Railroads, 2460; Booth on Street Railroads, Section 326; Joyce on Elec. Law, 528.
An interesting case, elaborating the principle that was contended for by the plaintiff below, is referred to by the trial judge, quoting from 191 Pa. St., 102, wherein is made plain the principle upon which the defendant company was held to be *540 liable. The syllabus-of the case, while not presenting the facts in this case, indicates plainly the principle involved.
“Where a person is given a transfer ticket from one electric ear to another which is a block distant, to enable him to reach the destination for which he has paid, and while in the ear way approaching the second car which is the proper car for him to take under the 'terms of the transfer, he is struck within five feet of the car by a piece of the trolley pole which broke while the conductor was turning it from one end of the car to the other, such person is a passenger and is entitled to recover damages for the injury sustained, if the railroad company is unable to show the extraordinary care which it owes to a passenger.”
The case turned upon the question whether the court below was right in charging on the undisputed facts that the plaintiff at the time of the injury received was a passenger. As in the case at bar, the court there announced, as a proposition of law, that the defendant owed to the plaintiff, a passenger, extraordinary care, and then submitted to the jury the evidence to determine whether it had exercised toward her the care required (p. 111). The defendant below—
“ * * * offered no evidence as to the strength of the trolley pole; whether it had been subject to inspection at any time; whether age and constant use had destroyed the tenacity of its fibre; or even whether it was ever safe for its purpose. The fact stood out undisputed, that in manipulating the pole in the usual way, it broke and injured the plaintiff. Unquestionably (says the court), defendant failed in its duty to her if she was a passenger.”
And then proceeding to show that she did occupy that position, the court says:
“* * the carrier is not .answerable for the condition of the highway on which the passenger alights, or from which he stands or steps before entering the car; nor i's it an answerable for the conduct of third persons, who by neglect cause injury in such situation to the passenger. But in the case of these particular conveyances, electric cars, necessarily and immedi;aitely, on the car stopping at the 'end of the route, the motorman proceeds to reverse the trolley; ordinarily this is attended with no danger to any one; the act is performed while some *541 of the passengers have alighted and are on the sidewalk out of the reach of the trolley pole; some are between the curb and the ear, and probably some yet in the car. Can it be urged with any plausibility that in changing the trolley pole the carrier owes no duty to its passengers who are not out of reach of danger from a part of the very vehicle in which they have been carried? Clearly, the duty of the passenger under such circumstances, with that kind of vehicle, does not end the moment the passenger’s foot touches the street. And so with the next starting ear •. * * * The car moves up -to the end of the line in front >of her and stops; she steps outside the curb and moves toward it; the seats are being reversed; two or three passengers are already in the car; when within .four or five feet of it she is struck by the broken pole, which of necessity is being changed. Why is she within reach of this peril ? She is not a traveler on the highway, is not a resident who desires to cross the street; is not a mere spectator who from curiosity or idleness stands in that situation with reference to the car; she is there because under the stipulations of the contract then in her possession, she has a right to tahe passage on that particular car at that point. In no sense is she one of the general public on the highway. * * * If it were, not for her .contract she would not be there at all. Surely, in such a situation under such circumstances, the carrier’s duty to her was what it owed to a passenger, as much as if her injury had been caused by a rotten step on the car. When she came within reach of the vehicle provided for her transportation the carrier’s duty was that she should not he injiored hy the vehicle, if Ihe highest degree of care could prevent it. Such care appellant was bound to show affirmatively; it did not attempt to show it.. Therefore, it is answerable in damages for her injury.” Susan Keator and J. B. Keator, her husband, v. The Scranton Traction Company, 191 Pa. St., 102.
Justice Holmes in the case of Henry A. Gordon, Administrator, v. The West End Street Railway Company, decided that a person is a passenger if a street car has stopped for him and he is in the act of getting aboard when the ear stops. And on page 183, in 175 Mass., concurring in the opinion of the court below, said:
“The judge was right in his ruling as to the deceased being a passenger. He was a passenger if the car had' stopped for him and he wa;s in the act of getting aboard when the car *542 started.” Citing Warren v. Fitchburg R. R., 8 Allen, 227; Brand v. Bennett, 8 C. & P., 744; Ganiard v. Rochester City & Brighton R. R., 50 Hun., 22; s. c. 121 N. Y., 661; Smith v. St. Paul City Ry., 32 Minn.
Oulcalt & Foraher, for plaintiff in error.
Charles W. Balter, for defendant in error.
This is in accordance with what we believe to be sound authority and abstract justice, and we, therefore are of opinion that the judgment should be affirmed. The damages found by the jury are not, under the circumstances, excessive, and for these reasons, the judgment will be affirmed.

 Affirming Holzenkamp v. Cincinnati Traction Co,, 2 N, P,—N- S-, 157.