FRED ESLER, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.

1. FORMER APPEAL: Trial Practice: Verdict: Amended Answer. Where, on appeal, there is a reversal with directions to enter judgment on the verdict, the defendant cannot amend his answer so as to avoid the verdict and prevent a judgment thereon. In such cases amendments may support a verdict but not destroy it.

2. ———: ———: Appeal: Damages. Where the only record on a second appeal is that of the former one, all the matters are *res adjudicata*; however, the appeal cannot be dismissed, but the

Esler v. Wabash Ry. Co.

judgment should be affirmed; and where there is good faith in taking the appeal, the appellate court will not impose the penalty.

Appeal from Chariton Circuit Court.—*Hon John B. Butler,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The demurrer to the evidence should have been sustained. Drake v. Railway, 51 Mo. App. 562; Hayden v. Railway, 124 Mo. 566; Kelsey v. Railway, 129 Mo. 362; Hook v. Railway, 162 Mo. 569; Petty v. Railway, 179 Mo. 666; Markowitz v. Railway, 186 Mo. 350; Hornstein v. Railway, 97 Mo. App. 271; Asphalt Co. v. Railway, 102 Mo. App. 469; Fanning v. Transit Co., 103 Mo. App. 151. (2) At the close of the whole case, the court below erred in refusing to direct a verdict in favor of defendant. Authorities cited, supra. (3) The instructions given at plaintiff's request were erroneous. Zimmerman v. Railway, 71 Mo. 489; Moore v. Railway, 126 Mo. 265; Authorities cited under point 1, supra; Land and Lumber Co. v. Moss Tie Co., 87 Mo. App. 178; Galbreath v. Carnes, 91 Mo. App. 512. (4) Under the instructions given at the defendant's request, the jury should have been directed to return a verdict in favor of defendant. Authorities cited under point 1, supra. (5) There is an irreconcilable conflict between the instructions given at the plaintiff's request, and those given for the defendant. In such a case, it is impossible to tell which guide the jury followed. Quirk v. Elevator Co., 126 Mo. 295. (6) By refusing to allow the filing of the amended answer, the court below thereby denied to defendant a right, privilege and immunity claimed by it under the constitution and laws of the United States. Scott v. McNeal, 154 U. S. 34; Hovey v. Elliott, 167 U. S. 409; State ex rel. v. Board of Equal., 108 Mo. 241; Jones v. Yore, 142 Mo. 46.

*A. R. Hammett* for respondent.

The decision of the first appeal is now the law of this case. Leicher v. Keeney, 85 S. W. 920; Ashby v. Gravel Road Co., 85 S. W. 957.   (2)   According to appellant railroad company's own abstract and statement the judgment it is now complaining of was entered, as directed by this court on the first appeal, and there is nothing to appeal from, and damages should be imposed upon this respondent. Chiles v. School Dist., 85 S. W. 880.   (3) Appellant's point No. 6 is so clearly without any support in law that we do not deem it worthy of consideration further than to say that it is evidence that this appeal is vexatious and without merit.

BROADDUS, P. J.—This case was before this court on appeal and is reported in 109 Mo. App. 580.   The cause was reversed with directions to the trial court to enter a judgment on the verdict. When the cause came up again before the trial court, defendant offered to file an amended answer, which offer the court refused, and entered up judgment for $1,450, the amount of the verdict, as directed by the mandate of this court. Defendant again appealed and has filed an abstract in which is contained the evidence and proceedings of the former trial. The plaintiff has filed in this court a motion to either dismiss the appeal or affirm the judgment with ten per cent damages.

The effect of the decision on the former appeal was to overrule the motion for a new trial and direct a judgment thereon. It cannot be contended successfully that after a verdict against it defendant had the right to interpose an amended answer, which would have the effect to avoid the verdict and prevent a judgment thereon. Before a verdict, defendant, on proper showing, would have been permitted to amend its answer. But we can assign no good reason to authorize a litigant, after he has submitted his case upon the issues raised by the

pleading and a verdict against him thereon, to file an amended pleading. The code permits amendments in the interest of justice in support of verdicts. But the proposed amendment was to do away with the verdict entirely. The trial court had only one duty to perform, that to render a judgment as directed by the mandate.

From the judgment so rendered defendant appealed. The only record before us is the record on the former appeal, and all the matters therein are *res adjudicata*. The appellant was entitled to an appeal from the final judgment. [Sec. 806, R. S. 1899.] We are not authorized to dismiss the appeal. But for the reason that all matters raised by the record have been adjudicated, the cause is affirmed. From the manner in which the appellant has prosecuted its appeal we are impressed with the conviction that it has acted in good faith, and such being the case, we are not disposed to impose any penalty upon the ground that the appeal was frivolous. All concur.