## SMITH, ADM'R, v. THE HEIRS OF BOND.

1. The exception in the statute of limitations, that where the debtor is absent from the State, at the time the cause of action accrues, suit may be brought " after his return into the State," means, after his return within the jurisdiction of the State, where the process of the Courts of the State will run. A removal to the Indian nation, where the process of the Courts of the State did not run, is not a return within the State, though within its territorial limits.

2. To complete the bar of the statute, the debtor must have been within the State subject to its process, during the entire period provided as a bar: but such period of time need not be continues, but may be composed of different periods of time.

Error to the Orphans' Court of Sumter.

This was a petition by the plaintiff in error, for leave to sell certain lands of his intestate to satisfy creditors.

The heirs appeared and pleaded severally, the statute of limitations of three years to the open accounts, and of six years to the promissory notes filed as evidence. Replication of a subsequent promise by Bond, the deceased, and that he had removed, and resided beyond the jurisdiction of the Court to the time of his death. A jury was empannelled.

From a bill of exceptions it appears, that testimony was offered to prove, that Bond was indebted to Winthrop & Co., and on 1st December, 1822, executed to them two notes, one due at four, and the other at twelve months from the date. That in February, 1823, he resided at Cotton Gin, in the State of Mississippi, where he continued to reside until the year 1827, when he settled in the Choctaw nation, in what is now called Sumter county, where he lived until his death, in the fall of 1831, but made occasional visits to Mobile, and that during one of these visits, on the 22d February, 1826, he took the benefit of the insolvent debtors law, and filed and swore to a schedule of his debts, among which he represented Josiah Wilkins and Moses Seawall as his creditors for $3,130.

Upon this testimony, the petitioner moved the Court to charge, that if Bond, at the time he contracted the debts, lived out of the State, or before they fell due, removed beyond the jurisdiction of the Courts of Alabama, and continued so to reside until his death, that the notes were not barred by the statute; which charge the Court gave, with this qualification, that if he made occasional visits to Mobile, within the jurisdiction, and this was known to the creditors, and that during these visits, he could have been served with process, then, although he resided abroad, the statute would run in his favor.

He further moved the Court to charge, that if the deceased resided without the jurisdiction, and made occasional visits within it, that the time only of his stay within the jurisdiction could be computed, against the time provided by the statute as a bar. This charge the Court refused, and charged, that the progress of the statute could not be arrested, if these visits were known to the creditors.

The Court was further moved to charge, that the schedule contained evidence of a subsisting debt, at the time, for the amount stated, and that if from that time until his death, in 1831, he resided in the Choctaw nation, the debt was not barred by the statute : which charge the Court gave, with the same qualification as above. To all which the petitioner excepted. The jury found a verdict for the heirs, and judgment accordingly.

The errors assigned, present the propriety of the charges of the Court.

GRAHAM, with whom was HALE, for plaintiff in error.

The civil and criminal jurisdiction of the State, did not extend to that part of the State called Sumter county, until the act of the 16th January, 1832, nor could any cause arising in Sumter, be tried until the act of 12th January, 1833, when it was made part of the seventh judicial circuit. So that Bond, from the time he contracted these debts until 1831, the time of his death, resided beyond the jurisdiction of our Courts, and could not be sued.

The statute of this State, (Clay's Dig. 327,) is unlike most others, as it declares that the time during which the debtor is out of the State, shall not be computed. Although the deceased was for a period of time within the limits of the State, he was without the jurisdiction, and if not within the letter, was clearly within the meaning of the law. [1 Johns. Cases, 80.]

The debt of Wilkins & Seawall was not an open account. [6 Wheaton 514; 8 Porter, 230 ; 1 Ala. Rep. 62 ; 3 Ala. Rep. 601.]

F. S. LYON, contra.

ORMOND, J.—The principal questions presented upon the record, arise out of the exception in the statute of limitations, relating to absence from the State : " If any person, against whom there is, or shall be any cause of action, as is specified in the preceding sections of this act, is, or shall be, out of this State at the time of the cause of such action accruing, or any time during which a suit might be sustained on such cause of action, then the person, or persons, who is, or shall be, entitled to such action, shall be at liberty to bring the same, against such person, after his return into this State ; and the time of such person's absence shall not be accounted, or taken as part of the time limited by this act." [Clay's Dig. 327, § 84.]

The defendant in error contends, that the statute would commence running, as soon as the deceased returned to the State, if his visit was notorious, so that he could be sued, and having commenced, would continue to run, notwithstanding his subsequent departure from the State. As it is the established construction, that the statute of limitations, when it begins to run, continues to run, notwithstanding an intervening disability to sue, if our statute had merely provided, that suit might be brought after the return of the debtor into the State, it is probable the true construction would have been, that the statute commenced running from that time, if the return was not clandestine, but open and notorious, so that the creditor might, if he thought proper, institute a suit ; and having commenced, would continue to run, notwithstanding the debtor afterwards left the State. Such was the construction put upon a statute of Massachusetts, almost in the precise language of this part of the exception in ours. [Little v. Blount, 16 Pick. 369.]

The exception in our statute does not stop here, but continues further, and provides, " and the time of such person's absence, shall not be accounted, or taken, as a part of the time limited by this act." The construction contended for, renders this clause of the statute wholly inoperative, as without it, it is perfectly obvious, that the time of the absence from the State, would not be

computed, up to the first open, and notorious visit to the State. It is our duty, and such is the well settled rule upon the construction of statutes, to give effect, if possible, to every part of it, and effect can only be given to this clause, by understanding the Legislature to mean, that the statute would not run in favor of the debtor, unless he had been within the State, during the entire period of time provided by the statute as a bar.

By the Revised Statutes of Massachusetts, C. 120, § 9, a similar provision to the one now under discussion, was introduced, and considered in Battle v. Fobes, 18 Pick. 532, more fully reported in 19 Pick, 578, an attempt was there made, to bring this last exception to bear upon the case. The Court, as we understand the opinion, admitted, that under the influence of that exception, the statute would not be a bar, unless the defendant had been within the State during the whole period of time provided as a bar ; but it held, that the ᴾcase was to be governed by the statute in force at the time the plea was pleaded, which made the statute run from the time of the return of the defendant to the State, if such return was open and notorious, so that the creditor if he had thought proper, might have sued.

Our opinion therefore is, that to make the bar of the statute effectual, the debtor must have been within the State, subject to be sued, during the whole period provided as a bar, but it is not necessary that it should be continuous, it may be composed of different portions of time, if the aggregate makes the period of time, which is designated as a bar, which in this case would be six years.

We are next to consider, what is meant by the terms, " out of this State, at the time of the cause of such action accruing," and " return into this State."

The manifest object of the statute was, to prevent the act from operating as a bar, unless during the entire period, the debtor had been subject to be sued within the State, and it would seem very clear, that a residence in the Indian nation, though within the chartered limits of the State, but into which the process of our Courts could not be sent, or executed, would not be a " return into the State," within the meaning of the statute. The clear meaning of the clause is, that the debtor must return within the jurisdiction of the State, so that he may be sued. Indeed the statute is express, that the creditor " shall be at liberty to bring the same,

[a suit,] against such person, or persons, after his, her, or their return into this State." A return, therefore, within the chartered limits of the State, but to which the jurisdiction of the State did not extend, would not be within the exception of the statute, any more than a secret and clandestine return within the jurisdiction of the State. In both cases the intent of the statute would be defeated, the opportunity afforded the creditor of collecting, or at least suing for his debt.

A similar construction has been given to other statutes of limitations, in which the letter of the act has been departed from, to give effect to the clear intent of the statute. Thus the term " beyond seas," in the saving clause, has been held to mean beyond the limits of the State. [Murray's Lessee v. Baker, 3 Wheaton, 541 ; Shelby v. Gay, 11, Id. 361 ; Faw v. Roberdeau, 3 Cranch. 174.] These cases are strongly analagous, but the precise point was determined in Sleght v. Kane, 1 Johns. Cas. 76. The question to be decided was, whether the defendant was within the State of New York, at a particular time, at which he alledged a return to the State, so as to bring himself within an exception of the statute. The portion of the State to which he returned, was within the British lines, during the war of the Revolution. The Court held, he was not within the State, within the meaning of the statute, " because he was out of the jurisdiction of the State; he was *quasi* out of the realm; he was where the authority which was exercised, was not derived from the State, but from the King of Great Britain by the right of conquest. No writ of the State could run there, consequently ʻno suit could be brought against him' there."

It seems therefore perfectly clear to us, both upon reason and authority, that the time of Bond's residence, in that part of the Indian nation, now Sumter county, before the jurisdiction of the State Courts was extended over it, cannot be computed as part of the time, during which he was in the State, nor his removal there, a "return to the State," within the meaning of the statute.

There can be no doubt, that the admission made by Bond in the schedule made to obtain the benefit of the insolvent debtors law, was an admission of the existence of the debts there enumerated ; and whatever might have been their character before, after that time they ceased to be " open accounts."

Let the judgment be reversed and the cause remanded.