[No. 3,019.]

## GEORGE H. ROGERS, ADMINISTRATOR OF THE ESTATE OF. JAMES A. ROGERS, DECEASED, *v.* A. J. HATCH.

LIMITATION OF ACTIONS IN CASE OF DEPARTURE FROM STATE.—If, when the cause of action here accrues, the person against whom the same exists resides in the State, and he afterwards departs from the State, his successive absences from the State must be aggregated together and deducted from the whole time which has elapsed since the cause of action accrued, and the balance is the time the Statute of Limitations has run.

IDEM.—If the Statute of Limitations has been set in motion by a departure from the State, and is then interrupted by a return, it commences running again by a second absence from the State.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion.

*Daingerfield & Olney,* for Appellant.

The statute runs in all cases not expressly excepted from its operation. (*Tynan* v. *Walker,* 35 Cal. 644.) Only one departure is expressly provided for.

Statutes must be construed with reference to the evils which they were intended to cure.

The common law permitted such suits to be brought at any time within twenty-one years. The statute was intended to shorten this term. The construction we contend for carries out this view, whilst under the view of the plaintiff the statute would extend in many cases to the common law time. (*Ingraham* v. *Bowie,* 33 Miss. 17.) Applying those principles to the case at bar, we are satisfied that the true construction of the statute is, that both clauses are *in pari materia,* and that in either case only one departure was provided for, so that upon the debtor's return to the State the statute began to run, and a subsequent departure did not

arrest it.  (*Dorr* v. *Swartwout*, 1 Blatch. 179; *Richardson* v. *Curtis*, 3 Blatch. 385 ;  *Ingraham* v. *Bowie*, 33 Miss. 17 ; *Palmer* v. *Shaw*, 16 Cal. 93 ; *Mandeville* v. *Houston*, 15 La. 281 ; *Rabel* v. *Pourceau*, 20 La. 131 ; *Markle* v. *Burch*, 11 Grattan, 26; *Brauer* v. *Sauerwain*, 10 Wall. 222.)

*Eugene B. Drake*, for Respondent.

The solution of the question in controversy depends, to a great extent, upon an examination of the statutes of the respective States whose Courts have passed upon the point involved, or upon points analogous thereto.   It will be found upon an examination of those statutes that none of them agree exactly with section twenty-two of our Limitation Act. The New York statute closely resembles ours, but differs in this, that it provides for a foreign residence by the absentee; and the fact of residence received from the Courts of that State, in many cases, especial mention, in determining whether or not the statute ceased to run in favor of absentees. (*Ford* v. *Babcock*, 2 Sand. 519 ; *Cole* v. *Jessup*, 6 Seld. 96 ; ib., 10 How. 515; *Wheeler* v. *Webster*, 1 E. D. Smith, 1.)

In this case the defendant Hatch has been absent from the State of California the whole period since the year 1861, excepting a few weeks on his occasional visits to San Francisco, and our statute declares that " the time of his absence shall not be part of the time limited for the commencement of the action."   The different and separate absences from the State are to be aggregated and deducted from the time since the cause of action accrued.   (2 Barb. Ch. R. 477; 26 ib. 208; 36 ib. 320; 43 ib. 214; 22 New York, 8 Smith, 472; 44 New Hamp. 446; 21 Texas, 551; 2 Vroom, 30 N. J. 170; 3 Gilm., Ill., 637; 24 Conn. 432 ; 4 Gilm., Ill., 125 ; 2 E. D. Smith, 172; 8 Ala. 386; 48 Maine, 319 ; 13 Ala. 641; 18 ib. 616; 6 Seld. 96; 10 How., N. Y., 515.)

By the Court, RHODES, J.:

The promissory note in suit was dated August 7th, 1860, payable thirty days from date; the action was commenced December 22d, 1870; and it is alleged in the complaint that the maker of the note (the defendant) departed from this State about the 1st day of January, 1862, and has since remained absent therefrom.

The defendant alleges that during every year from 1860 to and including the year 1870, he was in the City of San Francisco " for weeks consecutively; " and that he resided in said city, and had a place of business therein in the years 1863, 1864, and 1865, of all of which the plaintiff and his assignor had notice. The demurrer to the answer was sustained.

The twenty-second section of the Statute of Limitations is as follows: " If, when the cause of action shall accrue against a person, he is out of the State, the action may be commenced within the term herein limited after his return to the State; and if, after the cause of action shall have accrued, he depart the State, the time of his absence shall not be a part of the time limited for the commencement of the action."

The question presented for determination involves the construction of the latter branch of that section—the question being, whether the successive absences from the State of the person against whom a cause of action accrued while he was in the State, shall be aggregated, and be deducted from the whole time which has elapsed since the cause of action accrued.    There is no decision of this Court directly in point.    The decision in *Palmer* v. *Shaw*, 16 Cal. 93, turned on the construction of the first branch of the section.

Our statute appears to have been copied substantially from S. 27, Stats. of Lim. R. S. of New York, the principal difference being, that the second clause of the statute of New

York provides for cases in which "such person shall depart from *and reside out of this State.*"   It was repeatedly held in that State, that the successive absences of the defendant from the State should be accumulated, and the aggregate deducted from the whole time.   (*Burroughs* v. *Bloomer*, 5 Den. 532; *Cole* v. *Jessup*, 10 N. Y. 107; *Cutter* v. *Wright*, 22 N. Y. 477.)   We adopt that as the correct construction of the second clause of our statute.   The place of the residence of the defendant, after he departed from the State, has no bearing on the question under consideration.

As the successive absences of the defendant from the State are to be aggregated, the position of the defendant, that as the statute would commence running upon his return to the State, it would not be interrupted by a second or further absence from the State, cannot be maintained. ·

Judgment affirmed.