BENJAMIN F. BREWSTER ET AL. V. JENS C. MENG.

FILED MAY 3, 1906. No. 14,171.

1. **Second Appeal.** This court on a second appeal of the same case will not reexamine questions of law presented and determined on the first appeal unless the opinion first expressed is manifestly erroneous.

2. **Remand: AMENDMENT.** A party cannot try his case by piecemeal; and where a case has been tried and appealed to this court and remanded to the district court, with directions to enter a specified decree, the defendant will not be allowed to amend his answer by alleging facts which existed and of which he had knowledge prior to the trial first had.

ERROR to the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher,* for plaintiffs in error.

*N. K. Griggs, contra.*

DUFFIE, C.

A former opinion in this case is reported in *Meng v. Coffee,* 67 Neb. 500. The case was remanded to the district court with the following directions: "To make new and further findings of fact in conformity with said opinion, and to enter a decree enjoining the defendant Wilcox from wasting or unreasonably diminishing the waters of Munroe creek, and enjoining the defendants Brewster and Coffee from consuming all the waters of Warbonnet and Hat creeks, respectively, in the irrigation of their lands, or permanently diverting in any year a greater proportion of the water in such streams for the time being

than they were accustomed to take out prior to 1893, having regard to the nature of the season and the condition of the stream at the time; that proportion and other questions of fact necessary to the rendition of such a decree to be ascertained from the evidence already taken or by taking further evidence at the discretion of the district court." Upon the filing of the mandate in the district court the defendants Brewster and Coffee asked leave to file a supplemental answer, in which it was alleged that by a finding of the state board of irrigation made in 1889 the said defendants were awarded a prior right to the waters in controversy in this action. The court refused to allow the filing of such supplemental answer or to receive any additional evidence in the case, and thereupon entered a decree conforming to the directions contained in the mandate.

The two principal questions urged on this appeal are that the former opinion is erroneous, and that the court erred in refusing to allow the plaintiffs in error to tender additional issues and to introduce evidence in support thereof. We have again examined the opinion in *Meng v. Coffee, supra,* and are entirely satisfied that the opinion correctly reflects the law applicable to the facts disclosed by the record as it then stood. It would serve no useful purpose to review the former opinion, nor, indeed, do we think that we could add anything to what is there said in support of the views announced. The case was carefully considered. The conclusion announced was unanimously adopted by the court as then constituted, and should, we think, be adhered to. Relating to the action of the court in refusing to allow new issues to be made or to receive further evidence in the case, we are satisfied that no error was committed. The finding of the state board of irrigation was made in 1889 and long prior to the commencement of this action. Whatever rights the parties may have acquired from such finding existed when this case was first tried, and, if material to the interest of the parties, should have been presented at that time. A case cannot

39

be tried by piecemeal. There must be an end to litigation. A party cannot be allowed to present a part only of his defense and when, after appeal, the case has been remanded for judgment, be allowed to make new issues, presenting other facts which he claims as a defense to the action, and which facts existed and were well known to him prior to the first trial. This is a rule so well known to the profession that it would be a waste of time to cite authorities in its support. Aside from this the finding of the state board of irrigation, which the plaintiffs in error now seek to introduce into the case, excludes from the water right granted them "the prior right of the owners of land bordering on this stream or through which this stream flows, to so much of the natural flow of the stream as is necessary for domestic use including stock water."

We cannot see that the finding of the state board of irrigation awards them any further or additional right than is given by the decree entered, and we recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.