## CITY OF MITCHELL, et al. v. DAKOTA CENTRAL TELEPHONE CO.

When the Supreme Court, on appeal from a judgment for defendant; rendered on conclusions of law on findings of fact in accordance with an agreed statement of facts, directed the trial court to amend its conclusions of law and enter judgment for plaintiff, and defendant did not ask for any modification of the direction, nor for a rehearing, the trial court could not permit defendant to amend the answer, but must enter judgment as directed.

The rule that, where the trial court receives evidence without objection, the pleadings will on appeal be presumed to have been amended, if necessary to conform to the proof and support the judgment, is specially applicable to a case tried on an agreed statement of facts, and the Supreme Court will presume a pleading amended to conform to such statement of facts, to support the judgment rendered.

The Supreme Court, on appeal from a judgment for defendant, rendered in a case tried on an agreed statement of facts, directed the trial court to amend its conclusions of law and render judgment for plaintiff. The trial court allowed defendant to amend its answer, but made no change in the findings of fact, and entered judgment for plaintiff, who did not appeal from the order allowing the amendment. **Held,** that the court, on defendant's appeal from the judgment, could not grant him any relief based on the amendment, because it must be presumed that the Supreme Court on the prior appeal determined the cause on the facts found, and treated the pleadings as amended to conform thereto, or the failure of the Supreme Court so to do must be chargeable to the failure of defendant on the former appeal to urge such matters.

(Opinion filed June 20, 1911.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by the City of Mitchell and others against the Dakota Central Telephone Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Null & Royhl,* for appellants. *Lauritz Miller,* for respondents.

WHITING, J. This cause was tried to the trial court without a jury and upon an agreed statement of facts. Said court made findings of facts in accordance with said agreed statement, entered conclusions of law thereon, and rendered a judgment in favor of the defendant. An appeal was taken to this court and the opinion of this court upon such appeal will be found in 25 S. D. 409, 127 N. W. 582. By such opinion the trial court was directed to amend its conclusions of law in accordance with the views of this court, and to "enter judgment in favor of the plaintiff for the amount found due and unpaid to the appellant by its ninth and tenth findings of facts."

[1] When the cause next came before the trial court, upon application of the defendant, it was allowed to amend its answer. This was clearly error on the part of the trial court. As was said by the court in Esler v. Wabash R. Co., 115 Mo. App. 574, 91 S. W. 400: "Where an order granting a new trial was reversed, with directions to enter a judgment on the verdict in favor of plaintiff, there was nothing for the trial court to do but to render judgment as directed, and defendant was not entitled after remand to interpose an amended answer." See, also, Brewster et al. v. Meng, 76 Neb. 560, 107 N. W. 751; Samuel Scott v. Wm. Scott's Ex'r, 9 Bush. (Ky.) 174. If appellant desired, upon retrial in the lower court, to change the issues, it should have asked this court to return the cause without a direction that judgment be entered in favor of the plaintiffs. No such modification was asked for, and no rehearing sought. In Western Bank v. Coldeway's Ex'r (Ky.) 94 S. W. 1, it is held: "When the mandate of the court has been filed, directing a judgment in accordance with the opinion, the judgment must be entered as directed, and all that is left to the unsuccessful party is to file a petition to modify or vacate the judgment on the grounds set out in section 518 of the Civil Code of Practice."

No appeal, however, was taken by plaintiffs from said order allowing amendments. The trial court made no change whatever in its findings of facts. It entered conclusions of law, and rendered judgment for the plaintiffs, and defendant is now appealing. If such amendments were such as could have been properly allowed by the trial court upon the first trial, or by said court upon the second trial were it not for the directions of this court, and if with such amendments to its answer the defendant would be entitled to a judgment under the findings of facts, then, inasmuch as the judgment of the court from which the first appeal was taken was in favor of the defendant, this court upon such appeal would, for the purpose of sustaining such judgment, have presumed such amendment to have been made; and, furthermore, the defendant upon such former appeal, if it thought such amendments necessary to protect its judgment upon appeal, could have asked this court to allow such amendments.

[2] The rule is well settled that, where the trial court receives evidence without objection, the pleadings will, upon appeal, be presumed to have been amended, if such amendment is necessary to support the judgment. This rule should certainly apply with even greater force, and a pleading be presumed amended to agree with the findings of facts based upon an agreed statement of the facts in the case. That this court will presume a pleading amended to conform to proof, or will permit an amendment in this court, was held by the court in Seiberling et al. v. Mortinson, 10 S. D. 644, 75 N. W. 202, and cases therein cited. 3 Enc. L. & P. 579, 763. Of course, if the amendments allowed by the trial court are not supported by the evidence, they are of no avail to appellant herein.

[3] We are therefore confronted with this situation: It must be presumed that this court, upon the former appeal, determined the cause upon the facts found, and treated the pleadings as amended to conform thereto, and, if this court did not consider the new matters now urged under the amendments, its failure to do so was owing, either to the fact that such amendments are not supported by the facts found, or else because the

defendant, respondent upon such former appeal, did not urge these matters upon such appeal as it had full right to do. In whatever way we view this matter, the appellant is not entitled to the relief now sought. If it believed this court was in error in its former opinion, and felt that the court had not considered the matters now urged, it should have presented same in a petition for rehearing, and not sought a rehearing under the cloak of a second appeal.

Respondents ask that they be given damages under the statute providing for such damages to be taxed as a penalty where appeal is taken for delay. We are not satisfied that such was the motive of appellant.

The judgment is affirmed, with usual costs for respondents.