## JOHNSON v. ELLMERS et al.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1924.)

### No. 3912.

1. **Bankruptcy ⊜467—Findings of fact on conflicting evidence not reviewable, except for clear error.**

   Decisions of questions of fact by a referee on conflicting evidence, approved by the District Court, will not be reversed by the appellate court, unless the error of the court below is made very clear.

2. **Appeal and error ⊜1011(1)—Decisions made on conflicting evidence.**

   Where the cross-examination of witnesses and outside facts and circumstances are relied on to overcome their direct testimony, it is a case of "conflicting evidence," within the rule of presumption in support of decisions based on such evidence.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of Henry Ellmers, bankrupt. From an order of the District Court, allowing certain claims, C. W. Johnson, trustee, appeals. Affirmed.

W. W. Watts, of Louisville, Ky. (Geo. L. Everbach, O. G. Everbach, and E. J. Cooney, all of Louisville, Ky., on the brief), for appellants.

Emile Steinfeld, of Louisville, Ky. (Morris B. Gifford and Isaac L. Steinfeld, both of Louisville, Ky., on the brief), for appellee.

Before DENISON and MACK, Circuit Judges, and ROSS, District Judge.

DENISON, Circuit Judge. [1] Ellmers, bankrupt, had given notes to his daughter and his wife's cousin, and these notes were proved in bankruptcy by the payees. Their allowance was contested before the referee by objecting creditors, on the grounds of fraud, lack of consideration, and limitation. The referee saw the witnesses and heard their testimony, and allowed the claims. On petition to the District Court for review, that court approved the referee's conclusion. It is plain that under the rules stated in Ohio Valley Bank v. Mack (C. C. A. 6) 163 Fed. 155, 89 C. C. A. 605, 24 L. R. A. (N. S.) 184, and since then of constant application, this court on appeal will not reverse such findings, made on conflicting evidence, unless the error of the court below is made very clear; and this is to state the rule in its lowest terms.

[2] Appellant suggests that there was no conflicting evidence, because there were no witnesses except, in each case, for the claimant. This gives, we think, too limited a definition to "conflicting evidence." These claimants testify to the existence and good faith of the claims. Later, on cross-examination, they made statements said to conflict with their direct testimony, and to demonstrate that it was not true, and facts and circumstances are also relied on to dispute them. If there was conflict, it was for the trial judge to decide which was correct. We consider it is just as typical a case for invoking this function of the trial judge as is the case of dispute between different witnesses.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Upon the merits of the controversy, it is enough to say that the evidence is ample to support the referee in his conclusions.

It is also urged that one of the notes was barred by limitation. This note had the blank for the year of the date filled in as 1994. It was due one year after date. It was filed for proof in 1922. The referee found that it was, in fact, executed in 1916, and was given as evidence of an existing debt which was then quite old. The trustee's theory is that the parties intended to write the date 1904, and it should be treated as if so written. Then it would have become barred by the 15-year statute in Kentucky, in 1920. This argument presents the question of the effect upon the statute of limitations, when the parties have deliberately antedated a note; but the record does not present it. There is neither finding nor satisfactory evidence that this note was intended to be dated in 1904. The referee finds that 1914 was the date intended to be fixed, and there is no sufficient reason to reject this finding. True, the claimant said the note was given about 20 years ago, but she was ignorant and inexperienced, and she may well have referred to some original note, which was figured up, with interest, in 1914, to reach the amount stated, and then later merged in this note. The note bore interest from date, and the referee allowed interest from 1914. There is no good reason for not accepting this result.

The order of the court below, made July 27, 1923, is affirmed.