KNAPP, Respondent v. BRETT et al, Appellants.

(222 N. W. 297.)

(File No. 6240.  Opinion filed December 12, 1928.)

*A. W. Brett,* of Des Moines, Iowa, and *Danforth & Seacat,* of Alexandria, for Appellants.

*H. G. Giddings,* of Mitchell, for Respondent.

MORIARTY, C. This action was begun by the respondent herein to secure a decree setting aside as in fraud of creditors a certain quitclaim deed, and subjecting the property described therein to a judgment held by the plaintiff, respondent herein. The case was tried to the court without a jury. The trial court made findings and conclusions sustaining the contentions of the plaintiff, and entered a judgment granting the relief prayed for. From said judgment, and an order denying a new trial, the defendants appeal.

The material facts shown by the record are as follows:

The property involved in this suit consists of a dwelling house in the city of Alexandria and the ground on which it stands. This property is less than one acre in extent and its value has never exceeded the sum of $5,000. Title to this property passed to the defendants through descent from the estate of one William L.

Ryburn, deceased, in the following proportions: One-third thereof to the widow of said decedent, the defendant Edith P. Brett, and two-ninths thereof to each of the defendants Leota Hilligoss, Helen Losh, and Dorothy Ryburn, daughters of said decedent. At the time of said William L. Ryburn's death each of said daughters was a minor, and for some time thereafter said property was occupied as the homestead of these four defendants. Prior to September 10, 1923, the defendant Leota Hilligoss married and ceased to reside on the said premises. Until September 10, 1923, the other three defendants occupied said premises as their homestead.

On or about said last-mentioned date the widow, then Edith P. Ryburn, and the two daughters, Helen and Dorothy, went to Des Moines, Iowa, for the purpose of securing educational advantages for the two young ladies, but with the then existing intent of returning to the home in Alexandria at the close of the then current school year. At some time prior to July 21, 1924, the daughter Helen married, and thereafter resided in Des Moines. On July 21, 1924, the widow, who prior thereto was known as Edith P. Ryburn, was married at Chicago, Ill., to one A. W. Brett, and thereafter resided with her said husband at Des Moines.

On September 10, 1923, the said widow, now the defendant Edith P. Brett, before leaving Alexandria, signed and acknowledged a quitclaim deed, whereby she purported to convey to her three daughters, defendants herein, her undivided one-third interest in the property in controversy. This deed she placed among her private papers in the First National Bank of Alexandria. Edith P. Brett testified on the trial of this case that she did not remove the deed from the bank, nor deliver it for record. She testified that she believed that she instructed *"some of her folks"* to get the deed and have it recorded; but she did not remember to whom she gave these instructions, though they must have been given by letter. The deed was duly recorded in Hanson county on July 21, 1924, the same day this defendant was married to her present husband, A. W. Brett.

In September, 1923, the Alexandria property involved herein was rented to a tenant for a period of nine months, and at all times since said date the defendant Edith P. Brett has rented the property to tenants, collected the rentals derived therefrom, and has

continued to exercise the ordinary authority of owner. At all times since 1911 the defendant Edith P. Brett has been indebted to the plaintiff Emma A. Knapp, and this debt was due and unpaid at the time said defendant signed the above-mentioned deed, and at the time said deed was filed for record.

In July, 1925, said indebtedness was reduced to a judgment in the sum of $1,065.25 and costs, which is still unpaid. Said judgment was entered and docketed in Hanson county, and would constitute a lien on any interest which the defendant Edith P. Brett has in the property involved herein. This defendant testified that she owed each of her three daughters over $500, and that she made the deed in controversy to pay them that amount.

On her examination this witness was asked the following question:

"But Leota Hilligoss has consented that, as far as she is concerned, the transfer of your interest in the property at Alexandria was all that was coming to her from the guardianship funds?"

This was objected to, as not calling for any statement between the parties, and calling for a conclusion. This objection being overruled, the witness answered, "Yes." And a similar record was made as to each of the other grantees named in the deed in controversy. And this is practically the only evidence relied upon to show an acceptance of the deed by the grantees, or the payment of any antecedent debt as consideration for its execution.

At the times of the signing and the recording of this deed the only property owned by the defendant Edith P. Brett was her interest in the property described in the deed, 42 shares of the stock of the First National Bank of Alexandria, and some vacant lots in Alexandria, which, at the time of the trial, had been sold for taxes. In May, or early in June, 1924, the First National Bank of Alexandria was closed as insolvent, and its assets paid only 82.45 per cent of the claims of its depositors.

Upon this record the trial court found that the deed in controversy was never delivered to its grantees, that at the time the deed was made, and at all times since that date, the grantor therein, Edith P. Brett, has been insolvent and had no other property subject to execution for the payment of plaintiff's claim. And from these findings the court concluded that the deed in controversy was void as against plaintiff.

While appellants' brief presents numerous assignments of error, there are only three questions presented which we consider it necessary to discuss in this opinion:

First. Appellants contend that the trial court erred in its rulings on the admission and rejection of certain items of evidence.

As to the admission of evidence over defendants' objections, the rule frequently announced in the decisions of this court, and firmly established as the law of this state, has been stated as follows:

"The presumption is that the trial court did not consider or give weight to incompetent or improper evidence."

If there is evidence properly admitted and sufficient to support the decision, the admission of improper evidence is not ground for reversal in cases tried to the court.

As to evidence offered by the defendant and excluded by the court: The questions which were directed to the production of evidence which might be material were not so phrased as to be good against the objections interposed. As an instance exemplifying this, Mrs. Brett was asked:

"Did you ever secure the consent of either of the girls to the settlement of your guardianship, as far as they were concerned?"

This was objected to as calling for a conclusion and not calling for any conversation or transaction. This objection being sustained and the testimony being by deposition, the defendants offered to read in evidence the answer, which was:

"I asked them if they would accept that as $500."

To be admissible on the question of the acceptance of the deed, a basis should have been laid to show the time of any such conversation. No effort was made at any time to give any conversation between these parties, or to fix the time, place or persons present at any such conversation. We can find no reversible error in any of these rulings.

Second. Appellants contend that the trial court erred in overruling their demurrer to the complaint and their objection to the introduction of evidence on behalf of the plaintiff.

No question as to the sufficiency of the complaint was raised until the trial was in progress. Defendants had answered, denying the material allegations of the complaint, and the parties had

stipulated as to some of the facts involved. Thereafter defendants made this record:

"Defendants demur to the complaint and object to the introduction of any evidence for the reason that the complaint does not state facts sufficient to constitute a cause of action."

The courts do not favor the testing of pleadings in this manner. And to justify the sustaining of a demurrer, or objection interposed in this way, it must appear that the defect pointed out is such that it cannot be cured by amendment of the pleading.

The point urged by defendants in the instant case is that the complaint merely alleges that the deed in controversy "was made, executed, and delivered without consideration and for the purpose of hindering, delaying, and defrauding the creditors of said Edith P. Brett and particularly this plaintiff," and that, to make the allegation sufficient, it must be further alleged, either that the grantees had knowledge of this intent, or that the transfer left the grantor insolvent.

It is apparent that this defect, if it be considered a defect, was merely technical, and could be readily remedied by amendment. Under such circumstances, the objection was properly overruled. Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Anderson v. Alseth, 6 S. D. 566, 62 N. W. 435; Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913.

Third. The defendants contend that there is no evidence, properly admitted, sufficient to sustain the findings of the trial court.

The material finding upon this question is that the quitclaim deed was never delivered to the grantees, and that the grantor, Edith P. Brett, caused the deed to be placed of record, without either actual or constructive delivery to the grantees; that said deed was not executed in pursuance of any previous agreement with the grantees, nor accepted by them prior to the commencement of this action, and that at the time said deed was signed, and at all times thereafter, said Edith P. Brett was insolvent.

There is abundant evidence to support these findings, but it is contended that such evidence is not properly in the case, because the complaint contains no allegation as to Edith P. Brett's insolvency, and it does contain an allegation that "at some time prior to the 21st day of July, 1924, said Edith P. Brett, under her

then name of Edith P. Ryburn, executed and delivered to" the other defendants, naming them, the deed in controversy. The record shows that evidence as to the insolvency of Edith P. Brett was admitted without objection, and that after the evidence was all in the court granted leave to amend the complaint to conform to the evidence, by alleging the insolvency of Edith P. Brett, as afterwards set forth in the findings.

As to the delivery of the deed, no amendment was asked for or allowed. But there was evidence to show that the grantor withheld the deed from record, kept it in her own possession until about the date of her marriage, and then wrote "some of her folks" to have it recorded. All this evidence was admitted without objection, and some of it introduced by the defendant. Under such circumstances, the court would have been justified in allowing an amendment of the complaint to conform to this evidence, and no new trial should be granted, or reversal decreed, on account of the trial court's having made findings consonant with the facts as proven. In this case there was a variance between the pleading and the proof, but the manner in which Mrs. Brett treated the deed after she signed it was testified to by her, when her deposition was taken at Des Moines, a month before the trial. Section 2373, Revised Code of 1919, provides that:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice, in maintaining his action or defense upon the merits."

And the section further provides for proving to the court that the party has been misled, and for the granting of a continuance. No showing was made, or motion for a continuance presented, by the defendants herein. Section 2374, R. C., provides:

"Where the variance is not material, as provided in the preceding section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

The finding which the court made, in accordance with the evidence in the instant case, is authorized by the provisions of sections 2373 and 2374, supra.

Another contention of defendants, on the matter of the insufficiency of the evidence, is that the property conveyed by the

deed in controversy was the homestead of the defendant Edith P. Ryburn, now Edith P. Brett, and that a voluntary conveyance of the homestead is not a fraud upon the creditors. The law is as defendants contend, but the record does not justify us in holding that the trial court committed reversible error in finding the deed void.

■■ Had the quitclaim deed been delivered at the time of its signing and acknowledgment, it would have been a valid transfer. The record shows that, when the grantor of the deed left for Iowa in September, 1923, she did so with intent to return at a future definite time. By so doing she did not abandon her homestead right in the property. That right continued until she relinquished her intent of returning. But the transfer by the deed was not complete until the delivery of the deed, either actually or constructively, to the grantees. Devlin on Deeds (3d Ed.) § 260; 18 C. J. p. 196; Reid v. Gorman, 37 S. D. 315, 158 N. W. 780.

■ There is nothing in the record to show any actual delivery of the deed, and, if the recording of the deed be considered a constructive delivery thereof, this did not take place until the very day when the grantor remarried, and, as she never resumed her residence in Alexandria after her marriage, but established her residence with her husband in Iowa, the trial court was justified in finding that the transfer is void as against the respondent herein.

Finding no reversible error in the record, the judgment and order appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.