WHITMAN, Appellant v. HANSON, et al, Respondents

(13 N. W.2d 495.)

(Files Nos. 8612-8619. Opinion filed March 13, 1944.)
Rehearing Denied April 4, 1944.

**Odin R. Davis**, of Sioux Falls, for Appellant.

**Tom Kirby** and **Hans Hanson**, both of Sioux Falls, for Respondents.

RUDOLPH, J. In this action, the plaintiff seeks to set aside the conveyance of certain real property made by him to the defendant, J. F. Hanson. Plaintiff's action is predicated upon the claim that the conveyances were made in payment of certain alleged attorney fees which the defendant, Hans Hanson, claimed were owing to him by the plaintiff, and that such attorney fees were unfair and unconscionable. The trial court refused to set aside the conveyances and the plaintiff has appealed.

The following facts are without dispute in the record: The plaintiff, Charles J. Whitman, is the son of Joseph H. Whitman, deceased. Joseph H. Whitman died testate in Minnehaha county and in 1917 his will was offered for probate in the county court. A contest of the will was instituted by this plaintiff, which finally resulted in a decision of this court sustaining the will. In re Whitman's Will, 45 S. D. 14, 184 N. W. 975. Under the will the plaintiff received only $100 from a large estate, the remainder being

devised and bequeathed to the testator's sister, Alice Whitman. In explanation of the disposition the testator stated in the will, "reposing full confidence in her (Alice Whitman) that she will see that my said son is properly educated and provided for, and that she will make such provision for him in her last will as she may deem advisable." In 1922 this plaintiff and Alice Whitman entered into an agreement wherein it was agreed that in consideration of the plaintiff surrendering certain deeds signed by his father, he would be given the use of a house in Sioux Falls, and monthly payments of $150 as long as he lived, if "the net income received from the estate of Joseph H. Whitman shall be sufficient for said purpose." Subsequent to this agreement, the property Alice Whitman received from the estate was mortgaged by her, and a part of it was sold. In 1932 a revocable trust in favor of the plaintiff was established by Alice Whitman of the remaining assets of the Joseph H. Whitman estate. Due to the encumbrances upon the trust property the beneficiary failed to receive the $150 monthly payment which Alice Whitman had agreed to pay to him during his life. In 1932 the plaintiff was declared incompetent, but was restored to competency in 1939. It appears from the voluminous files, which are a part of the record, that plaintiff had consulted with several attorneys at law with a view of establishing some interest or right in the property left by his father. In January, 1941, the plaintiff consulted the defendant, Hans Hanson, an attorney duly admitted to the practice of law in this state. The events leading up to the meeting of the plaintiff and Mr. Hanson are disputed and will be subsequently considered. Also disputed is the agreement for legal services and fees that was entered into between plaintiff and Hans Hanson. Undisputed, however, is the fact that Mr. Hanson was employed by plaintiff upon some basis to represent him in an attempt to establish a right on behalf of the plaintiff in the property left by his father, and to assert a claim on behalf of plaintiff against Alice Whitman. In pursuance of this employment, Mr. Hanson proceeded to investigate the possibility of establishing

any claim in favor of the plaintiff. Thereafter, Mr. Hanson started two separate proceedings, one entitled in the trusteeship proceedings in the Circuit Court of Minnehaha County wherein it was sought to have the named trustee removed, and a new trustee named to hold the property pending the outcome of a proceeding started in county court. The proceeding in county court was entitled in the Estate of Joseph H. Whitman, deceased, and sought to have the final decree in the estate amended to provide for a trust in favor of the plaintiff, sought an accounting by Alice Whitman and her removal as executrix. Several preliminary hearings relating to these two proceedings were had, but the questions involved were never finally determined by the courts for the reason that a complete settlement was reached between the plaintiff and Alice Whitman. This settlement resulted in a conveyance to the plaintiff of all the property of the trust estate which consisted of approximately 2,000 acres of land in Lake, Turner and Minnehaha counties. As payment of attorney fees the plaintiff conveyed to J. F. Hanson, the wife of Hans Hanson, the title to approximately 475 acres of Lake County land which was a part of the trust estate. It is this conveyance that is under attack in this action. Further facts as found by the trial court will be mentioned in the discussion of the errors assigned by appellant. These alleged errors are seventy-four in number. Obviously, time and space will not permit separate discussion of each of the alleged errors. We have sought to group the assignments in relation to the issues which they present, and the attempt in this opinion will be to pass upon and decide the issues thus raised.

█ Appellant contends that the contract of employment was barratrous. It is argued that the facts disclose that Hanson, who was not acquainted with the plaintiff, entered into an agreement with one C. L. Engebritson, a friend of plaintiff, to the effect that if Engebritson would secure the employment of Hanson by the plaintiff that Hanson would pay to Engebritson ten per cent of any fee he collected from the plaintiff. Hanson denied any such agree-

ment, and testified that the plaintiff consulted him voluntarily without solicitation in any form. A fact issue was thus presented, and the trial court found in accord with Hanson's version of the facts. Nothing would be gained in stating the evidence, which we have examined with care, and concluded that it is ample to support the findings.

■ A group of the assignments of error present appellant's contention that the agreement for compensation to be paid Mr. Hanson was entered into at a time when the relation of attorney and client existed. Hanson testified that the agreement as to compensation was made when he was first consulted and was a part of the contract of employment. On this issue the trial court found as follows: "That thereafter and on or about January 10, 1941 said Charles J. Whitman * * * voluntarily and without solicitation approached said Hanson at his office in Sioux Falls, South Dakota, stating that he * * * desired to employ said Hans Hanson as his attorney therein to assist him in recovering certain real estate or an accounting thereof from the executrix of said estate, Alice M. Whitman of Morris Illinois. That said employment would be on a contingent fee basis. That it was then and there orally agreed by and between said Charles J. Whitman and said Hans Hanson, that as an attorney fee in said proceedings said Hanson would be entitled to a fee of forty per cent of any moneys or property recovered from Alice M. Whitman, executrix of said Joseph H. Whitman estate not accounted for in the Alice M Whitman Trust proceedings then pending in the circuit court of Minnehaha County, South Dakota and twentyfive percent of any money or property recovered from said Alice M Whitman trust for said Charles J. Whitman That said contract was reduced to writing signed and delivered on May 5, 1941 by said Charles J Whitman and Hans Hanson, and was a fair, reasonable and conscientious agreement customary in the profession." This finding of the trial court, which is supported by the evidence disposes of this issue.

■■ The next question presented goes to reasonable-

ness and fairness of the contract. We had occasion to consider a similar question in the case of Ofstad v. Beck, 65 S. D. 387, 274 N. W. 498, 503. We there announced the rule under which contracts between attorney and client will be examined to determine whether the provision for compensation is unenforceable. The rule is: "when a lawyer is bargaining with a prospective client, if the provision made for his compensation is so unreasonable and excessive, when viewed in the light of the circumstances of the particular case, as to evince a fixed purpose on his part to obtain an undue advantage over his prospective client, the contract should not, and will not, be upheld. * * * Whether a particular provision for compensation is unreasonable or unconscionable under the particular circumstances is a question of fact to be determined by the trial court."

█ The trial court found that the agreement was "fair, reasonable and conscientious." The evidence must be reviewed in the light of this finding, under the familiar rule that the finding will not be disturbed unless it is against the clear preponderance of the evidence.

The contract between the parties is as follows:

" 'It is hereby agreed by and between Charles J. Whitman first party and Hans Hanson, Atty. second party as follows:

" 'That two suits will be brot involving the property of Joseph H. Whitman as inventoried in the final decree of that estate in Minnehaha County Court files, to-wit:

" 'One suit against Alice Whitman executrix to amend final decree so as to make effective if possible the trust in all said property for said Charles Whitman and for an accounting by said executrix of all property therein between the years 1922 and 1932 and another suit against said Alice Whitman as trustee for her removal as trustee and the appointment of Charles J. Whitman as trustee if possible.

" 'On the first suit said Whitman agrees to allow said Hanson 40% of the amount recovered in money or property, for he and heirs. On the second suit said Whitman agrees to allow said Hanson 25% of the amount recovered in

money or property, for he and heirs. If an appeal to higher court becomes necessary then and in that event the fee to said Hanson shall be increased 10% in each court, that it is necessary to carry said case in order to complete the matters.

> " 'Charles J. Whitman
> " 'Hans Hanson' "

Looking at this contract detached from the circumstances confronting the parties at the time the contract was made, the compensation appears excessive. However, when the contract is viewed in the light of the circumstances as they actually existed we have been unable to conclude that the clear preponderance of the evidence is against the finding of the trial court. The circumstances confronting the parties at the time were such that, in our opinion, it was within the province of the trial court to determine that there was no fixed purpose on the part of Mr. Hanson to take advantage of his prospective client. For many years the plaintiff had unsuccessfully been asserting a claim or right in the property left by his father. The final decree of the county court of Minnehaha county had been entered in 1922. The property of the estate had been distributed under this decree, and during the almost twenty years following, this property had been to a large extent dissipated and heavily encumbered. It is obvious that because of lapse of time and the complexities of many of the transactions involved a large amount of work would be necessary to properly present to a court the claims of the plaintiff and the contentions to support such claims. The possibilities of success must also have appeared at least doubtful to the parties. This further fact was apparent, the trust property was encumbered to such an extent that the trust income was not always sufficient to meet the trust expenses. The trust property consisted of real estate, mostly farm lands, and under the values of farm lands as they existed at the time the contract was made, it is questionable whether some of the equities held by the trust were of any substantial value. It must also have been apparent to the parties, as evidenced by the settlement which was finally accepted, that the best

possibility was a recovery of the trust estate. A recovery of property from the trust estate, had farm land values further declined when the recovery was had, would have been of doubtful value. We can only reiterate what we said in the Ofstad-Beck opinion: "In view of these circumstances, and of the fact that the parties were not purporting to contract with reference to the reasonable value of the services to the plaintiff, but were in fact thinking only of a speculative venture under which both parties only would secure benefit if their efforts were attended by success, we may not say that the finding of the court that the contract was reasonable under the circumstances was against the clear preponderance of the evidence."

■ The next question goes to the settlement as made by the parties, following the transfer of the properties from the trust estate to the plaintiff. The trial court found on this issue that the settlement was "a fair, conscientious, just and equitable settlement and agreement made and entered into without fraud or misrepresentation or overreaching." The evidence and printed argument on this question is voluminous, and as is usual, there is a decided conflict of opinion as to the values of the various tracts of real estate to which the evidence and argument relate. There is ample evidence, however, upon which the court might conclude that the settlement made did not exceed, and in fact was less than, the compensation to which the parties had agreed. We do not find that Mr. Hanson in making this settlement failed to disclose to the plaintiff any material fact within his knowledge. The evidence is clear that the plaintiff was more familiar than Hanson with the land involved.

Throughout the extensive brief of appellant are references to the fact that appellant had at one time been declared incompetent. However, the record is clear that more than a year prior to the first meeting of plaintiff and Mr. Hanson, the appellant had been restored to competency. This court has before it only the printed record, which does not in any manner reflect the prior incompetency of plaintiff. The trial court had the advantage of hearing and ob-

serving the plaintiff during the course of an extensive trial. After thus hearing and observing the plaintiff, the trial court very apparently concluded, as evidenced by the findings, that plaintiff was competent to transact the business at hand, and that the evidence viewed in the light of the prior incompetency failed to show any overreaching or undue advantage taken by Mr. Hanson. Obviously, the trial court was in a much better position to determine the present effect, if any, of the prior incompetency of plaintiff than are the members of this court.

We have examined the many other assignments of error, and find nothing therein which would justify us in reversing the decision of the trial court. Appellant has cited many authorities in support of abstract questions of law, but the authorities are not helpful when considered in the light of the findings made by the trial court.

The judgment appealed from is affirmed.

All the Judges concur.