DURR, Appellant v. HARDESTY et al., Respondents

(76 N.W.2d 393)

(File No. 9539. Opinion filed April 24, 1956)

**Smiley & Clark,** Belle Fourche, for Plaintiff and Appellant.

**Gale B. Wyman,** Belle Fourche, **Roswell Bottum,** Rapid City, for Defendants and Respondents.

McCLASKEY, Circuit Judge. On January 31, 1931 defendants Hardesty and King executed a note to First National Bank of Belle Fourche, South Dakota. It became due October 15, 1931. In 1939, the bank having failed, the note was sold by the receiver to plaintiff, then and since a resident of Belle Fourche. Suit was commenced on April 12, 1952. In the course of the trial it became apparent that the six-year period of limitation had run against Hardesty and as to him the case was abandoned by plaintiff. Trial was continued against King and the issues herein involve him alone. For convenience the term defendant as used hereafter refers to King. So far as this appeal is concerned the issue is whether the suit is barred by the six-year limitation as the trial court decided.

From 1884 to April 1, 1947 defendant King resided at Alzada, Montana. On or about April 1, 1947 he moved to Belle Fourche, 37 or 38 miles distant, and has there had his home and legal residence ever since. Prior to the move, Belle Fourche was his principal trading point and he made numerous trips there each year and did his banking there. These trips were open and public with no attempt at concealment.

Plaintiff and appellant presents his principal contentions by posing three questions and we will answer them in the order of their appearance.

First Question:

> "Can our Statute of Limitations on actions be satisfied by cumulating single days over a long period of time in addition to established residence periods, so that a total of the statutory period can be built up?"

The answer involves consideration of SDC Supp. 33.0203:

> "If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; * * * "

■ The word "return" has been construed as meaning coming into the state as well as coming back into it after moving from it. McConnell v. Spicker, 15 S.D. 98, 87 N.W. 574.

■ In states whose limitations statutes are substantially to the same effect as ours the period of limitation runs while a party subject to suit is physically present in the state for a sufficient time, though he have his legal residence in another state when the cause of action accrues. It commences to run when he comes openly into the state. Palmer v. Shaw, 16 Cal. 93; Mack v. Mendels, 249 N.Y. 356, 164 N.E. 248, 61 A.L.R. 386; Faw v. Roberdeau, 3 Cranch 174, 7

U.S. 174, 2 L.Ed. 402; Byrne v. Crowninshield, 1 Pick. 263, 18 Mass. 262; Hysinger v. Baltzell, 3 Gill. & J., Md., 158.

In these cases the physical presence in the state was continuous for the limitation period, but such need not be the case. Interrupted occasions of presence, providing they are so open and notorious as to afford a plaintiff using reasonable diligence an opportunity to have process personally served within the state, may be cumulated to aggregate the limitation period. "Our opinion therefore is, that to make the bar of the statute effectual, the debtor must have been within the State, subject to be sued, during the whole period provided as a bar, but it is not necessary that it should be continuous, it may be composed of different portions of time, if the aggregate makes the period of time, which is designated as a bar, which in this case would be six years." Smith v. Bond, 8 Ala. 386; see also Fairfax Nat. Bank v. Burt, 197 Okl. 517, 176 P.2d 216; Stanley v. Stanley, 47 Ohio, 225, 24 N.E. 493, 8 L.R.A. 333; Foster v. Butler, 164 Cal. 623, 130 P. 6; Whitcomb v. Keator, 59 Wis. 609, 18 N.W. 469.

The period of presence in the state must be open and public so that the plaintiff can by the exercise of reasonable diligence find the defendant and have him served. Palmer v. Shaw, 16 Cal. 93; Fowler v. Hunt, 10 Johns., N.Y., 463; Hysinger v. Baltzell, 3 Gill. & J., Md., 158; Randall v. Wilkins; 4 Denio, N.Y., 577. Under the facts found, the answer to the First Question is in the affirmative.

The trial court found that while defendant was a resident of Montana, and after the cause of action accrued, he was present in Belle Fourche more than 600 days during which he could easily have been served with process, and that thereafter he became a resident of Belle Fourche and continued so for an additional five years.

Appellant challenges this finding in his Second Question:

"Does the record evidence sustain the Court's finding that the defendant was present in the State at least Six Hundred (600) days in the interval between the accrual of the action and the establishment of his South Dakota residence, in addition to his Five (5) years of residence?"

The testimony of defendant King was that he had lived at Alzada, Montana, since 1884. That Alzada was a hamlet of 75 to 100 people with one and sometimes two stores. That Belle Fourche was his principal trading point and he did his banking there. That after the note became due on October 15, 1931 he made many trips there until April 1, 1947 when he moved there and has since made it his residence. That he had known plaintiff 35 to 40 years, and had dealt with him when plaintiff was employed at the Smiley-Gay store. That after plaintiff opened a store of his own defendant was in the store three or four times a year. That he never concealed his presence when in Belle Fourche and many times walked past plaintiff's store on the sidewalk.

Plaintiff's principal point is that the evidence does not warrant the finding that defendant was present in Belle Fourche more than 600 days. This is based on the contention that defendant's testimony is so conflicting and contradictory that 600 days of presence prior to the beginning of his five-year period of residence cannot be found.

Plaintiff does not discuss the testimony of defendant's daughter Mrs. Hardesty. She resided either in defendant's home at Alzada or in Belle Fourche, and was in an excellent position to know. She testified that between October 15, 1931 when the note became due, and April 1, 1947 when defendant moved to Belle Fourche, he was in Belle Fourche on an average of four times each month. Computation shows that these visits aggregate 734 times. The length of his stays in Belle Fourche varied but the court was warranted in finding that they aggregated 600 days or more.

Defendant was nearly 78 years of age and the record shows that his memory was uncertain and vacillatory. He did contradict himself. The court observed him and questioned him and was in an advantageous position to evaluate his testimony. The situation well illustrates the reason behind the rule that a trial court's finding will not be disturbed where there is substantial evidence to support it and there is not a clear preponderance of evidence against it. Johnston v. Eriksson, 71 S.D. 268, 23 N.W.2d 799; Whitman v. Hanson, 69 S. D. 610, 13 N.W.2d 495; Rhode v. Farup, 67 S.D. 437, 293 N.W. 632.

█ This rule comes under consideration when there is a conflict of testimony between witnesses. Here defendant and Mrs. Hardesty were the only witnesses on this point and there arises the question if the rule has application where the testimony of and of them is conflicting within itself and/or with that of the other. "Upon the triers of fact rests the responsibility to reconcile, if possible, any apparent conflict, whether the same arises upon the entire case or in the testimony of a single witness, and to effectuate all the evidence, when the nature of the case will admit of such a disposition; or if the conflict is irreconcilable, to place their own value on the contradictory evidence." Darling v. Pacific Electric Ry. Co., 197 Cal. 702, 242 P. 703, 706; see also Johnson v. Ellmers, 6 Cir., 295 F. 685; Rosella v. Paxinos, 110 Cal.App. 299, 294 P. 39.

█ The testimony of Mrs. Hardesty substantially supports the finding. It cannot be said that defendant's wavering and condictratory statements clearly preponderate against it. The finding may not be disturbed.

It then appears that defendant's 600 days presence here while he was a nonresident, coupled with his five years of actual residence, aggregated a bar of limitation in his favor unless we must deduct from the latter the periods when he visited out of the state and was not actually present here. This brings us to plaintiff's third question.

Third Question:
"If each day of presence in the State of South Dakota can be added together to compute the full period of time to establish the Statute of Limitations, is the converse true that absences from the State can be added together to reduce the period of time within the State?"

This involves consideration of the second clause of SDC Supp. 33.0203. In some limitations cases the expression "and reside out of the state" has been treated as meaning absence from the state at a fixed place of residence. In others the expression has been interpreted to mean simply living for a temporary period or periods in another state without having a fixed place of residence there. However, so varied were the facts in those cases and/or so different

were qualifying additional phrases in the statutes under consideration, that what may be regarded as a settled rule cannot with confidence be determined.

The California statute has "depart from" but not "reside out of" the state. The New York statute includes both. The California court treats the two statutes as meaning substantially the same. In Rogers v. Hatch, 44 Cal. 280 we read: "It was repeatedly held in that State, [New York] that the successive absences of the defendant from the State should be accumulated, and the aggregate deducted from the whole time. Burroughs v. Bloomer, 5 Denio, N.Y., 532; Cole v. Jessup, 10 N.Y. 96, 107; Cutter v. Wright, 22 N.Y. 472, 477. We adopt that as the correct construction of the second clause of our statute. The place of the residence of the defendant, after he departed from the State, has no bearing on the question * * *."

Thus it was considered that one may "reside out of the state" although he has not established an actual fixed residence out of the state, and that his mere absences should be cumulated and deducted from the period when the limitation is accruing.

██ We have held that our limitations statute must be considered to conform to the undoubted legislative intent to "give plaintiff the full period of limitation for the commencement of his action". And that "A court may look to the policy underlying a statute and place on it a reasonable interpretation which will best accomplish its purpose rather than defeat it even though not literally within its language." Busby v. Shafer, 75 S.D. 428, 66 N.W.2d 910, 911; see also Read v. Jerauld County, 70 S.D. 298, 17 N.W.2d 269.

██ So, whether we adopt the reasoning in the Rogers case that one may "reside out of the state" without establishing a fixed residence there, or follow our theory of an interpretation which will conform to the legislative purpose, the conclusion is impelled that defendant's absences from the state must be cumulated and deducted from the limitation period, regardless of the fact that his departure was not attended by change of actual fixed residence.

So the answer to appellant's third question as an aca-

demic proposition is in the affirmative. However, it does not avail appellant because computation shows that after deduction of defendant's absences there still remain more than six years when plaintiff could have sued him but did not.

Mrs. Hardesty testified that after defendant moved to South Dakota he was absent from the state on two occasions prior to the service of summons upon him. On the first he was in Rochester, Minnesota, during April 1947. On the second he was in Portland, Oregon, from December 1947 to June 1948. She did not say what time in December he departed, but defendant testified that it was December 27.

■ Defendant's testimony on this point also was conflicting, showing uncertainty of memory, but the court was warranted in believing Mrs. Hardesty which it did. Defendant's confused statements certainly do not clearly preponderate against it. Accordingly the second clause of SDC Supp. 33.0203 has no application.

Appellant further urges that the judgment cannot stand because defendant King did not plead the statute of limitations except in claiming its protection under the aegis of Hardesty's immunity from liability.

■ He asserts that King's answer was not amended so as to claim the benefit of the statute in his own right and that neither plaintiff nor defendant tried the case on the theory that the statute was a defense of King's. This is true, but when the court conducted the examination of defendant and Mrs. Hardesty at the third session of the trial, the limitation as to King, independently of Hardesty, became one of the theories on which the case was tried.

Plaintiff did not then object that the defense had not been pleaded. He did not move to strike the evidence on that ground. He cross-examined but did not offer contradictory evidence. He did not claim surprise or prejudice or ask for a continuance to secure contradictory proof. The point is now raised for the first time.

■ Where an issue has been tried without objection it is treated in all respects as if it had been raised in the pleadings. SDC 33.0914; Fredrick v. Christensen, 73 S.D.

130, 39 N.W.2d 529; Knapp v. Brett, 54 S.D. 1, 222 N.W. 297; City of Mitchell v. Dakota Cent. Tel. Co., 27 S.D. 509, 131 N.W. 1090.

 Other assignments of error do not merit consideration. Under the facts appearing in the record appellant's action was barred by the statute of limitations.

Accordingly the judgment is affirmed.

ROBERTS, P. J., and RUDOLPH and SMITH, JJ., concur.

McCLASKEY, Circuit Judge, sitting for RENTTO, J., disqualified.

SICKEL, J. (dissenting). Defendant was a resident of the State of Montana at all times material to this controversy and until April 1, 1947, when he became a resident of Belle Fourche, South Dakota. Action was commenced April 12, 1952, within six years after the defendant became a resident of this state. It seems to me that the operation of the statute of limitations, SDC 33.0232(4), was suspended against the defendant because of the fact of his nonresidence and of his being a resident of another state, until he established his residence in South Dakota, and that his occasional trips into this state did not set the statute running in his favor. Seaver v. Stratton, 133 Fla. 183, 183 So. 335; Hill v. Lindsay, 210 N.C. 694, 188 S.E. 406; Milton v. Babson, 6 Allen, Mass., 322; Rockford v. Whiting, 118 Mass. 337; Stoudt v. Hanson, 62 Mont. 422, 205 P. 253; 37 C.J., Limitations of Actions, § 404; 54 C.J.S., Limitations of Actions, § 212.

It is therefore my opinion that judgment should have been entered against the defendant on the note.